## 44712, 44719. DIVERSIFIED HOLDING CORPORATION v. CLAYTON McLENDON, INC.; and vice versa.

DEEN, Judge. 1. In this action to recover real estate brokerage fees the defendant moved for summary judgment based on the contention that the plaintiff, Clayton McLendon, Inc., a corporation, is not a broker within the meaning of *Code* §§ 84-1412 and 84-1413 and is therefore not entitled to bring the action. The lease in question is signed by the lessor, lessee, and broker, the latter styled Clayton McLendon, Inc., by a named person as its agent. Under *Code Ann.* § 84-1402 a corporation may be a licensed real estate broker; however, under *Code Ann.* § 84-1409 the applicant for a license must be a natural person and stand an examination. A license entitles a corporation and one individual therein who has been properly licensed to be "the broker." *Code Ann.* § 84-1415. These fairly ambiguous requirements were met (prior to certain amendments) by the decision in *Goldgar v. North Fulton Realty Co.,* 106 Ga. App. 459 (2) (127 SE2d 189), where it was held that the license was both a corporate and an individual license. Such license as renewed, appears only in the form of a pocket card which is carried by the broker. *Code Ann.* § 84-1411. The affidavit of the Secretary of the Georgia Real Estate Commission states that "Clayton McLendon, Inc., by and through Clayton D. McLendon, is a duly licensed real estate broker in the State of Georgia by the Georgia Real Estate Commission" as of the time the lease contract was entered into. The affidavit is reinforced by the introduction in evidence of the rules and regulations of the Real Estate Commission as authorized by *Code Ann.* § 84-1404. It therefore appears that the corporate plaintiff is a broker within the meaning of the applicable licensing law and as such, being a party to the contract, is the proper party to bring this action.

2. The plaintiff, cross appellant, enumerates error on the overruling of its motion to strike the first defense of Diversified Holding Corporation because insufficient as a matter of law, and enumerates the judgment as error for the reasons that the first defense fails to show wherein plaintiff's acts were fraud-

ulent and seeks speculative damages. Under *Code Ann.* § 81A-109 (b) the circumstances constituting the fraud must be stated with particularity. At the very least the pleader should designate the occasions on which affirmative misstatements were made and by whom and in what way they were acted upon. Trussell v. United Underwriters, Ltd., 228 FSupp. 757. The defendant here says only that the plaintiff agreed to represent the exclusive interest of the defendant in real property transactions but that the contract sued on was couched in fraud, was contained within a pattern of fraudulent activities, placed its own financial interests above those of the defendant, and denied defendant's investors and stockholders a fair return. Such allegations are insufficient to raise a justiciable issue on a defense that the contract sued on is void because of fraud in the inception. For an example of an action between a real estate broker and client in which it was held that the broker's fraudulent activity was sufficiently alleged, see Page v. Comert, 243 F2d 245. A pleading should not be stricken, however, if under any state of facts within its framework the pleader might prevail (*Neville v. Buckeye Cellulose Corp.*, 118 Ga. App. 439 (164 SE2d 257)) but the trial court should grant a right to amend. Guam Investment Co. v. Central Bldg., Inc., 288 F2d 19. Nor would the defendant's contention that the damages sought against it are speculative be reason for striking the defense. The trial court should have required the defendant to amend its first defense to make the allegations of fraud more certain and definite.

The trial court properly denied the motion for summary judgment in case No. 44712. The court erred in not requiring the defendant to make the allegations of fraud in its first defense with particularity.

*Judgment affirmed in case No. 44712; reversed in case No. 44719. Bell, C. J., and Eberhardt, J., concur.*

SUBMITTED SEPTEMBER 3, 1969—DECIDED SEPTEMBER 19, 1969—REHEARING DENIED OCTOBER 8, 1969—

*J. M. Grubbs, Jr., J. A. Cochran,* for appellant.

*Heard & Leverett, L. Clifford Adams, Jr., Wilkinson & Nance, A. Mims Wilkinson, Jr.,* for appellee.