48697. McDANIEL et al. v. PASS.

EVANS, Judge. This case involves the collision of two automobiles. The plaintiffs, Mr. and Mrs. McDaniel, brought an action against the defendant, Mrs. Pass, alleging that she was negligent. Defendant answered, and denied the material allegations of the petition.

As a part of pre-trial discovery procedure plaintiff served the defendant with requests for admissions. Request No. 13 requested defendant to admit that: "Defendant admits that on 28 May 1972 she collided with the slowly moving or stopped vehicle driven by Mr. Joe H. McDaniel in which Mrs. Elizabeth McDaniel was riding as passenger while the McDaniel car was

in the far right-hand lane properly moving south along Marietta Boulevard (also known as Rice Street), which collision was caused by Defendant's car suddenly darting across the lanes of roadway and plowing into the McDaniel's car with the defendant's car."

Defendant objected to the request as follows: "Defendant objects to request for admission No. 13 on the ground that said purported request for admission *has to do with controverted facts made issues by the pleadings in this case* and further that the same contains inappropriate descriptive language constituting *an attempt on the plaintiffs' part to describe this accident in their own words* and thus cause defendant to admit plaintiffs' version when in fact such version is controverted by defendant." (Emphasis supplied.) The court sustained defendant's objection. Plaintiffs appeal. *Held:*

1. Appellee moved to dismiss the appeal based upon the contention that appellant's brief did not sufficiently refer to portions of the record necessary for consideration of the alleged errors. Before this matter was considered by this court, appellant had filed an amended or supplemental brief which fully complied with the rules. Rule 18 (a) (1) and (c) (3). Further, the questions for decision were easily found in the record. *Satcher v. James H. Drew Shows, Inc.,* 122 Ga. App. 548 (1) (177 SE2d 846); *Jenkins v. Raiford,* 117 Ga. App. 658 (161 SE2d 405); and *Wooten v. State,* 118 Ga. App. 366 (1b) (163 SE2d 870). Also see *American Liberty Ins. Co. v. Sanders,* 120 Ga. App. 1 (1) (169 SE2d 342), where it was held that a failure to comply with the above rules requiring pagination would not preclude consideration of the alleged errors if the inconvenience thus occasioned is insubstantial. The motion to dismiss is overruled.

2. A Georgia case which deals with this question is that of *Hobbs v. New England Ins. Co.,* 212 Ga. 513, 517 (93 SE2d 653). In discussing the Federal rule, the following is stated: "The act of 1953 is identical with Rule 36 of the Federal Rules of Practice and Procedure, 28 USCA, p. 332. In Van Horn v. Hines, 31 FSupp. 346, 348, it is stated that the purpose of this rule 'is to expedite trial and to relieve parties of the cost and labor of proving facts which will not be disputed on the trial and the truth of which can be ascertained by reasonable inquiry.' *The Federal courts applying this rule have held that the request must relate to uncontroverted facts, and that the rule is not to be used to discover facts as such, but should be directed to facts in issue the truth*

*of which is apparent.* Knowlton v. Atchison, T. & S. F. R. Co., 11 FRD 62 (16). The request for admissions should not be used to cover the entire case or to permit one to request admissions as to controverted facts, particularly where they may constitute the principal issues in the case. Alaska Credit Bureau of Juneau v. Stevenson, 15 FRD 409 (3)." (Emphasis supplied.)

In *National Bank of Ga. v. Merritt,* 130 Ga. App. 85 (202 SE2d 193), the defendants contended that requests for admissions cannot be used to establish facts which are the central facts in controversy, citing *Hobbs v. New England Ins. Co.,* 212 Ga. 513, 517, supra. It was there held (in the *Merritt* case, supra) that such contention fails because the law had been changed by the 1972 amendments to the Civil Practice Act, subsequent to the decision in the *Hobbs* case.

The *Hobbs* case, supra, was decided in 1956. In 1967, the Civil Practice Act became effective, and as to requests for admission, it is provided in Code Ann. § 81A-136 (a) as follows: "A party who considers that a matter of which an admission has been requested *presents a genuine issue for trial* may not, on that ground alone, object to the request." (Emphasis supplied.) (Ga. L. 1966, pp. 609, 648; 1967, pp. 226, 234, 235; 1972, pp. 510, 528). This language is somewhat unclear, and it cannot be determined therefrom whether the General Assembly intended thereby to affect the ruling in the *Hobbs* case. But it is not necessary to the determination of the case sub judice to decide that question.

3. Defendant objected to the request for admission upon the ground that same "has to do with controverted facts made issues by the pleadings in this case." Inasmuch as defendant's answer denied the material allegations of the complaint, all allegations of the complaint are as to "controverted facts made issues by the pleadings." But here the plaintiff seems to have carefully avoided couching his request for admissions in terms of the complaint. For instance, the request is as to defendant's collision *"with the slowly moving or stopped vehicle driven by Mr. Joe H. McDaniel."* There is nothing in the complaint which describes plaintiff's vehicle as slowly moving or stopped, nor as to identity of the driver. Again, the request for admission is as to defendant's collision with plaintiff's vehicle *"in which Mrs. Elizabeth McDaniel was riding as passenger, while the McDaniel car was in the far right-hand lane."* There is nothing in the complaint which alleges Mrs. McDaniel was a passenger, nor that the car in which she rode was in the far right-hand lane.

In this day of "notice pleadings," a plaintiff does not have to spread out his evidence in the complaint, but may wait and place same into the record by discovery and other pre-trial procedures. See *Harper v. DeFreitas,* 117 Ga. App. 236 (1) (160 SE2d 260); *Hunter v. A-1 Bonding Service,* 118 Ga. App. 498 (1) (164 SE2d 246). That seems to be the position assumed by plaintiff in this case.

There may be some item or fact in the request for admissions which is included in the complaint and denied in the answer, but here the defendant employed a general attack or onslaught against request No. 13 in its entirety without specifying any particular part as being defective. Certain very material portions thereof were not subject to the attack. Such an attack must necessarily be governed by the same rule that governs a special demurrer (now motion to strike) or an objection to evidence. *Allen v. Allen,* 196 Ga. 736, 748 (27 SE2d 679); *Employers Liability &c. Corp. v. Sheftall,* 97 Ga. App. 398 (3) (103 SE2d 143). The rule simply stated is that when an objection is made to a pleading or evidence as a whole, or a bloc, a part of which is not subject to the objection, the entire general objection fails in its office as a critic.

4. A further objection is made in the general attack on Request No. 13 to the effect that plaintiff attempts *"to describe this accident in their own words, and thus cause defendant to admit plaintiff's version . . ."* No mention is made as to what words are here referred to, and of course, this attack is too vague and general. Both plaintiff and defendant are represented by counsel, a part of whose lifework is the skilful use of words. Whose words should the attorney for plaintiff employ—his own—or those of defendant's counsel? One of the principle purposes of requests for admissions is to secure an admission by one party as to his adversary's version of the transaction. If the descriptive terms used by that party are of such imagery that they do not constitute a truthful version of the occurrence, a simple denial would seem to afford effective relief against them. But if they are truthful, no matter how skilfully the words are employed and arrayed so as to paint a dramatic picture of the occurrence, then it is not a proper objection to urge that they are too dramatic. The question is, "are the words truthful?" The court erred in sustaining the defendant's objection to this request for admission.

*Judgment reversed. Clark, J., concurs. Hall, P. J., concurs in the judgment.*

ARGUED OCTOBER 4, 1973 — DECIDED JANUARY 10, 1974 —

618

*Hugh G. Head, Jr., Kathleen Kessler,* for appellants.
*Long, Weinberg, Ansley & Wheeler, Charles M. Goetz, Jr.,* for appellee.