48775. DeWES ENTERPRISES, INC. v. TOWN & COUNTRY CARPETS, INC. et al.

HALL, Presiding Judge. This appeal is taken by DeWes Enterprises, Inc. (hereinafter, "defendant") from adverse rulings below on two motions made by it in a suit brought against it by Town & Country Carpets, Inc. After reciting jurisdictional facts, the complaint alleged that "Defendants are indebted to Plaintiff for carpets purchased by Defendants in the amount of $3,411.29 principal, plus $159.20 interest." The complaint then alleged prior demand and failure to pay, and made demand for judgment. In response, defendant moved under Code Ann. § 81A-112 (e) for a more definite statement on grounds that the complaint failed to state its theory of indebtedness, whether contract, tort, or open account, and additionally failed to designate the dates of the alleged purchase or purchases which, if disclosed might indicate a defense under the statute of limitations or a defense to the claim for interest. Defendant also filed a "Motion for Production of Documents for Inspection and Copying" under Code Ann. § 81A-134, without first requesting the same from the opposing party under the provisions of that section. Both motions were

denied, and this appeal is taken with a certificate of immediate review.

1. Defendant's motion for a more definite statement is based upon Code Ann. § 81A-112 (e), which, except for one difference noted below, is identical to Federal Rule 12. Comments on the Federal Rule are as follows: "If the movant believes his opponent's pleading does not state a claim for relief, his proper course is a motion under Rule 12 (b) (6) even if the pleading is vague or ambiguous. Moreover, even if the pleading is so sketchy that it cannot be construed to show a right to relief, the proper attack is by a motion under Rule 12 (b) (6) rather than Rule 12 (e). Thus, the class of pleadings that are appropriate subjects for a motion under Rule 12 (e) is quite small — the pleading must be sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed, but it must be so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself. Because the difference between a pleading that either fails to state a claim or is so poorly drafted that it gives the appearance of not stating a claim for relief and a pleading that states a claim so vaguely or ambiguously that it cannot be answered often is difficult to preceive, courts sometimes find it necessary to convert erroneously made Rule 12 (b) (6) motions into Rule 12 (e) motions. Similarly, challenges to a pleading often request relief under Rule 12 (b) (6) and Rule 12 (e) in the alternative. . . The current restricted scope of the motion for a more definite statement seems to be a desirable accommodation between the need to inform defendant of the claim asserted against him and the importance of preserving the integrity of the pretrial process under the federal rules. Admittedly, the net effect has been to reduce both the significance and the utility of Rule 12 (e) as an information gathering tool. The frequency of Rule 12 (e) motions prior to the 1948 amendment indicates that the provision often was employed as a device for harassing opponents and delaying joinder of issue as well as a vehicle for coercing detailed statements and admissions from an adverse party at an embryonic point in the litigation. . . One fundamental aspect of the federal rules is the notion that a plaintiff who identifies the transaction or occurrence from which his grievance stems and specifies the injury inflicted upon him in a way that at least indicates some possibility of a right to legal redress has stated

a claim for relief and is entitled to attempt to flesh out his case by discovery. It never was intended that the motion for a more definite statement should upset this plan by obliging plaintiff to plead in more specific terms at the outset of the action. Moreover, under the framework of the rules, plaintiff is not required either to disclose the facts underlying his claim or to limit the issues he wishes to raise until after he has had an opportunity to engage in discovery. Nonetheless, permitting frequent recourse to the Rule 12 (e) motion tends to impose precisely these requirements on a pleader. There are, however, two contexts in which a relatively liberal approach to the granting of Rule 12 (e) motions seems appropriate. The first is when the request for a more definite statement is used to enforce the special pleading requirements of Rule 9 (b) ('the circumstances constituting fraud or mistake shall be pleaded with particularity'), . . . and Rule 9 (g) (items of special damage must be 'specifically stated'). Rule 9 itself contains no mechanism for enforcing its terms, and the common practice has been to use Rule 12 (e) for that purpose. . . A second possible exception to a restrictive attitude toward Rule 12 (e) motions involves compelling a more definite statement of matter relating to possible threshold defenses to the claim for relief. Using Rule 12 (e) in this fashion can be justified in terms of one of the major purposes of the federal rules — promoting the speedy adjudication of cases." 5 Wright & Miller, Federal Practice and Procedure: Civil, § 1376, pp. 732-734, 739-740, 740-741, 743.

Though we adopt most of the reasoning of Wright & Miller, with reference to the "second possible exception" mentioned above we prefer a contrary view. The view we prefer points out that the motion can only be used where the pleading is "so vague or ambiguous that a party cannot reasonably be required to *frame a responsive pleading*" and that "a motion to dismiss is not a responsive pleading." 2A Moore's Federal Practice (2dEd.), § 12. 18, pp. 2411-2412. (Emphasis supplied.) Under this approach a motion for a more definite statement is not appropriate merely for the purpose of compelling information possibly disclosing a threshold defense for the purpose of positioning movant to move for dismissal. Moore's view is even more compelling in Georgia because of a key difference between our rule and Federal Rule 12 (e). "Under the Georgia version, . . . the defendant must file his defensive pleadings before the motions are ruled upon, and, in recognition of this fact, section 12 (e) declares that when the

pleading is so vague that defendant cannot reasonably be expected to frame a proper responsive pleading, 'he shall, nevertheless, answer or respond to the best of his ability. . . .' Query as to whether section 12 (e) should not be omitted altogether." Leverett, Comments on the Georgia Civil Practice Act of 1966, 3 Ga. State Bar Journal 295, 300. See also *Emerson v. Fleming,* 127 Ga. App. 296, 298 (193 SE2d 249).

In our opinion, the complaint is not so vague or ambiguous that the defendant could not reasonably frame a responsive pleading, and as the foregoing discussion concludes, this is the only test for the adequacy of the complaint in the absence of special pleading requirements.

2. Defendant's motion to produce and to permit it to inspect and copy various designated documents in effect puts the cart before the horse. Code Ann. § 81A-134 provides that a party may serve on any other party such a motion and if the party upon whom the request is served fails to respond, then the party submitting the request may move for an order under Code Ann. § 81A-137 to compel an appropriate and proper response. The defendant did not follow this procedure but instead initiated the matter by a motion before the court. This runs counter to the spirit of the discovery rules under the CPA, i.e., they "were intended to operate on the initiative of the parties and, where possible, without court intervention." 4 Moore's Federal Practice, § 26.02 [5], pp. 26-72.

The trial court did not err in denying defendant's motions.

*Judgment affirmed. Clark, J., concur. Evans, J., concurs in the judgment.*

ARGUED NOVEMBER 7, 1973 — DECIDED JANUARY 23, 1974.

*Lipshutz, Macey, Zusmann & Sikes, Bartow Cowden, III,* for appellant.

*Jack K. Bohler,* for appellees.