## 29062. COCHRAN v. McCOLLUM et al.

Hall, Justice.

Caveator appeals from a judgment of the superior court dismissing the caveat on the motion of the propounders urging that the grounds stated in the caveat were merely conclusions and failed to state any facts relied upon to prove undue influence, fraud, duress or mistake. The case originated in the court of ordinary where a judgment adverse to the caveators was entered by the ordinary.

The CPA applies to "all courts of record of the State of Georgia in all suits of a civil nature whether cognizable as cases at law or in equity, with the exceptions stated in § 81A-181." Code Ann. § 81A-101; *Gresham v. Symmers,* 227 Ga. 616 (182 SE2d 764). The court of ordinary is a court of record. *Wofford v. Vandiver,* 72 Ga. App. 623 (34 SE2d 579).

Under the CPA, a pleading should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. We hold this principle applicable to all pleadings including special matters (fraud, mistake and conditions precedent) under Code Ann. § 81A-109. *Management Search, Inc. v. Kinard,* 231 Ga. 26 (199 SE2d 899). The proper remedy for seeking more particularity is by motion for a more definite statement (Code Ann. § 81A-112 (e)) at the pleading stage or by the rules of discovery thereafter. *DeWes Enterprises v. Town & Country Carpets,* 130 Ga. App. 610 (203 SE2d 867). See *Hayes v. Hallmark Apartments,* 232 Ga. 307 (207 SE2d 197). Any language to the contrary contained in *Martin v. Approved Bancredit Corp.,* 224 Ga. 550 (163 SE2d 885) and cases following it is hereby disapproved and will not hereafter be followed.

The trial court erred in dismissing the caveat.

*Judgment reversed. All the Justices concur, except Grice, C. J., and Nichols, P. J., who dissent.*

SUBMITTED AUGUST 5, 1974 — DECIDED OCTOBER 25, 1974.

*Clayton H. Hollinsworth, Jr.,* for appellant.

*Virginia Bips, Lane & Sanders, Thomas C. Sanders,* for appellees.

NICHOLS, Presiding Justice, dissenting.

Section 9 (b) of the Civil Practice Act (Code Ann. § 81A-109 (b)) provides: "In all averments of fraud, or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Subsection (c) of this section then provides: "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity."

The majority opinion fails to take into account the obvious legislative intent to require a different standard

of pleading from that generally required by the Civil Practice Act in cases dealing with fraud or mistake. This distinction was recognized by this court in *Martin v. Approved Bancredit Corp.,* 224 Ga. 550 (163 SE2d 885).

In *Continental Investment Corp. v. Cherry,* 124 Ga. App. 863, 865 (186 SE2d 301), it was said: "Code Ann. § 81A-109 (b) which is in the language of Rule 9 (b) of the Federal Rules of Civil Procedure requires that in all averments of fraud, the circumstances constituting the fraud must be stated with particularity. It is generally recognized that this exception to the general liberality of pleading permitted under these rules, although to be construed in pari materia with the remainder of the Act, in effect retains a long-standing rule obtaining at common law and in many states, including Georgia, and requires that *facts* must be alleged which if proved would lead clearly to the conclusion that fraud had been committed. Chicago Title & Trust Co. v. Fox Theatres Corp., 182 FSupp. 18; Kohler v. Jacobs, 138 F2d 440; Duane v. Altenburg, 297 F2d 515, 518. In the Duane case allegations that materials were available at prices far below the prices paid for materials and services, that stock was purchased at excessive prices, and general allegations of value with no showing of market value were held insufficient in an action based on fraudulent mismanagement by corporate directors. There, as here, no finger was pointed at any identifiable transaction. 'The circumstances constituting the alleged fraud [must] be pleaded with sufficient definiteness to advise the adversary of the claim which he must meet.' United States v. Gill, 156 FSupp. 955, 957. Conclusory statements which allege improper representation and lack of good faith must be followed by supporting facts, and categorical assertions of fraud amounting only to conclusions are not deemed admitted by a motion to dismiss. Rubens v. Ellis, 202 F2d 415, 417; Lusk v. Eastern Products Corp., 427 F2d 705. This is also the rule in Georgia, to the effect that the allegations of fraud must be specific and factual as to the acts comprising the fraud under both the present and former pleading rules. See *Diversified Holding Corp. v. Clayton McLendon, Inc.,* 120 Ga. App. 455 (2) (170 SE2d 863) and *Sellers v. Johnson,*

207 Ga. 644 (63 SE2d 904). Only after this has been done, where the point is raised, can the rule stated in *Butler v. Cochran,* 121 Ga. App. 173 (2) (173 SE2d 275) and *Harper v. DeFreitas,* 117 Ga. App. 236 (1) (160 SE2d 260) be applied that 'a motion to dismiss a complaint for failure to state a claim should not be granted unless the averments in the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proved in support of the claim.' "

The majority opinion erroneously lumps together all pleadings referred to in Section 9 of the Civil Practice Act, although the General Assembly has specifically set forth different standards for different pleadings.

Inasmuch as the caveat in the present case contained only allegations as to fraud which were mere conclusions of the pleader, the judgment of the superior court dismissing such caveat as failing to state a claim should be affirmed.

I am authorized to state that Chief Justice Grice concurs in this dissent.