## 30327. FILSOOF v. WEST.

HILL, Justice.

This case arises from a suit for ejectment. The appeal is from an order of the trial court denying plaintiff Filsoof's motion for summary judgment upon his complaint in ejectment, denying plaintiff's motion to dismiss defendant's counterclaim for damages, and denying plaintiff's motion to strike defendant's defense of alleged fraud. The trial judge certified the order for immediate review on June 16, 1975, and plaintiff appeals.

On January 30, 1969, the defendant conveyed certain property to Creative Financial Services, Inc., by a deed reciting as its consideration "$10 and other valuable consideration." The defendant was in fact to receive stock in Creative. By separate recorded agreement, defendant was allowed to remain in possession. Also on January 30, 1969, Scanadyne, Inc., entered into a loan agreement and stock option with plaintiff by which plaintiff loaned Scanadyne $15,000 due in 90 days with the condition that if the loan was not repaid the property acquired by Creative, a wholly owned subsidiary of Scanadyne, would be transferred to plaintiff. Creative was merged into Scanadyne and Scanadyne defaulted on the loan. On May 3, 1969, Scanadyne conveyed the property to plaintiff. On July 6, 1971, plaintiff brought this action in ejectment to remove the defendant from the property. The defendant answered and the motions recited above were made and

overruled.

1. A plaintiff in ejectment must recover on the strength of his own title, and not on the weakness of the defendant's title. Code Ann. § 33-101. Plaintiff's motion for summary judgment was based on defendant's deed of January 30, 1969, Scanadyne's deed of May 3, 1969, to plaintiff, and plaintiff's assertion that he was a bona fide purchaser without notice of any defect in the title of his grantor. However, the defendant presented some evidence that prior to May 3, 1969, plaintiff knew that defendant's deed had been obtained through fraud and that the consideration given for that deed was worthless. Although plaintiff presented evidence to the contrary, there was a genuine issue of material fact and the trial court did not err in denying plaintiff's motion for summary judgment.

2. Plaintiff also enumerates as error the trial court's order denying his motion to strike the defense of fraud. The defendant alleged as an affirmative defense that "Any right, title, interest, claim, or demand in, against, or as to said land which plaintiff may allege or contend that plaintiff has is based and founded on fraud and is voidable, void, and of no force and effect whatsoever."

Code Ann. § 81A-109(b) requires that in all averments of fraud the circumstances constituting fraud shall be stated with particularity. The defendant has not pleaded fraud with sufficient particularity here. However, the plaintiff moved to strike the allegation of fraud. A motion for more definite statement would have been appropriate under these circumstances. *Cochran v. McCollum,* 233 Ga. 104 (210 SE2d 13) (1974); Code Ann. § 81A-112 (e). The trial court did not err in refusing to strike the defense of fraud. Upon remand, the motion to strike should be treated as a motion for more definite statement.

3. Plaintiff enumerates as error the overruling of his motion to dismiss defendant's counterclaim for damages. The defendant's counterclaim alleges simply that "Plaintiff has injured and damaged the defendant and defendant should have damages, punitive damages, and attorney fees against plaintiff in the amount of $25,000."

This counterclaim fails to meet the requirement of Code Ann. § 81A-108 (a) that a counterclaim, cross claim

or third-party claim, like an original claim, shall contain a short and plain statement showing that the pleader is entitled to relief. Although amendable (Code Ann. § 81A-115 (a)), such a counterclaim fails to state a claim upon which relief can be granted (Code Ann. § 81A-112 (b)). The trial court erred in not sustaining plaintiff's motion to dismiss the defendant's counterclaim.

*The order of the superior court is affirmed in part, reversed in part, and remanded with direction. All the Justices concur, except Gunter, Ingram and Hall, JJ., who dissent from Division 3.*

SUBMITTED OCTOBER 6, 1975 — DECIDED JANUARY 7, 1976.

*Greene & Greene, William B. Greene,* for appellant. *Ben Lancaster, Jere F. White,* for appellee.