## 30645. BRYANT v. BRYANT.

HALL, Justice.

The determinative point in this suit by an administrator to cancel certain deeds by deceased alleged to have been procured by fraud, is that the trial court committed error by dismissing the complaint for failure to

state a claim on the ground that the fraud had not been pleaded with the particularity required by Code Ann. § 81A-109(b).

This point is controlled by *Cochran v. McCollum,* 233 Ga. 104 (210 SE2d 13) (1974) in which we ruled (p. 105) that the principle that "a pleading should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," applied to all pleadings including special matters such as fraud.

The pertinent allegations of the complaint were as follows: "Under threats of violence and undue influence over a period of years, Mrs. Lillie P. Bryant purported to convey all of her property to said defendant, . . . The property to which plaintiff claims title as administrator had a reasonable market value of $20,000.00 at the time of said conveyances to the defendant, and as evidenced by the consideration in the deeds marked Exhibits 'C' and 'D,' and is [sic] a great inadequacy of consideration, and a great disparity of mental ability in relation to the executions of these deeds."

These allegations are sufficient to meet the test of *Cochran v. McCollum,* supra, and the complaint was erroneously dismissed; the ". . . proper remedy for seeking more particularity is by motion for a more definite statement (Code Ann. § 81A-112 (e)) at the pleading stage or by the rules of discovery thereafter."

*Judgment reversed. All the Justices concur.*

Submitted December 29, 1975 — Decided February 11, 1976.

*Eugene F. Edge,* for appellant.
*Kenneth C. Fuller,* for appellee.