### 53609. LAWYERS CO-OPERATIVE PUBLISHING COMPANY v. HUFF.

Banke, Judge.

The appellant sued the appellee, d/b/a Introspect Ltd., on open account and for fraud in the purchase of law books from the appellant. Attached to the appellant's pleadings were four contracts, with the purchaser shown to be Introspect Ltd. and with the name of the appellee, Richard Huff, on a line designated "Authorized Signature" on the form contracts. Judgment was entered on the pleadings in the appellee's favor, and the appellant appeals.

1. The appellant claims that the court erred in entering judgment against it on open account because the pleadings fail to show that the appellant did not contract with the appellee as an individual. Specifically, the appellant contends that the appellee contracted as an individual by signing his name on the "Authorized

Signature" line. However, because of the fact that in all other respects the contract purported to deal with Introspect Ltd., the appellant's signature on the "Authorized Signature" line indicated that he was acting only as agent. A limited liability company cannot act except through its agents.

In the instant case, the principal was indicted, and the contract was substantially in the name of the principal. The appellee's status as agent was distinctly specified in that he claimed to be authorized to sign for Introspect Ltd., but was otherwise not a party to the contract. See *McRitchie v. Atlanta Trust Co.,* 170 Ga. 296 (3) (152 SE 834) (1930).

The accounts sued upon, attached to the complaint as exhibits, showed that the law books were sold to Introspect Ltd. Since the exhibits control over the general allegations of a complaint, the trial court was presented with a nonamendable defect on the face of the pleadings. Accordingly, the appellee's motion for judgment on the pleadings as to open account was in order. *National Advertising Co. v. North American Ins. &c. Co.,* 122 Ga. App. 481 (177 SE2d 510) (1970); *Gilham v. Stamm & Co.,* 117 Ga. App. 846 (162 SE2d 248) (1968).

2. The trial court erred, however, in entering judgment against the appellant on its count alleging damage due to fraud by the appellee. The appellant's complaint cannot be dismissed for failure to plead fraud with sufficient particularity, as the appellee contends. *Cochran v. McCollum,* 233 Ga. 104 (210 SE2d 13) (1974).

*Judgment affirmed in part and reversed in part. Quillian, P. J., and Shulman, J., concur.*

ARGUED MARCH 8, 1977 — DECIDED APRIL 19, 1977.

*Nelson C. Rudolph,* for appellant.

*Thompson, Stovall, Stokes & Thompson, Fletcher Thompson,* for appellee.