## 54104. TUCKER v. CHUNG STUDIO OF KARATE, INC.

WEBB, Judge.

Chung Studio of Karate, Inc., d/b/a Joe Corley Karate Studios, brought suit on a promissory note against Barney Tucker. Tucker answered with a general denial and in addition asserted a counterclaim setting up failure of consideration and fraud. The allegations as to fraud were: "6. That plaintiff, by and through its agent, Joe Corley, has been guilty of fraud, deceptive devices, trickery and chicanery . . . 8. That by virtue of the trickery, chicanery, diverse means, fraud and deceit, details of which will be hereinafter supplied by amendment, plaintiff is indebted to the defendant [for punitive damages]."

Plaintiff, apparently thinking that paragraphs 2 through 8 of the answer were concerned solely with the defense of fraud,[1] moved to strike them on the ground that fraud was not alleged with particularity as required by CPA § 9 (b) (Code Ann. § 81A-109 (b)). Alternative motions for judgment on the pleadings and for summary judgment without supporting affidavits were addressed to the same paragraphs on the same ground.

The trial court granted the motion for judgment on the pleadings or alternative motion to strike and did not pass upon other matters. For some reason not apparent,

---

[1] Paragraph 2 is a general denial of indebtedness on the note; paragraphs 3 through 5 relate to failure of consideration.

however, the court struck the entire answer and counterclaim, including the specific denials in paragraph 1 of the answer, which was not attacked by the motion, and entered up judgment on the note in plaintiff's favor. Tucker appeals, and we reverse.

1. No reason appears why the defense of failure of consideration should have been stricken, and the judgment dismissing the answer in its entirety must be reversed for that reason. "[W]hen an objection is made to a pleading or evidence as a whole, or a bloc, a part of which is not subject to the objection, the entire general objection fails in its office as a critic." *McDaniel v. Pass,* 130 Ga. App. 614, 617 (203 SE2d 903) (1974).

2. The denial of the execution of a contract (non est factum) is no longer a defense which must be affirmatively pleaded, a general denial being sufficient. *Morgan v. White,* 121 Ga. App. 794 (2) (175 SE2d 878) (1970); *Tankersley v. Security Nat. Corp.,* 122 Ga. App. 129, 130 (3) (176 SE2d 274) (1970). Paragraph 2 of the answer, which is a general denial, as well as the specific denials of paragraph 1, were thus not subject to the en bloc motion, and the judgment must likewise be reversed on this ground again. *McDaniel v. Pass,* 130 Ga. App. 614, 617, supra.

3. Finally, Tucker's plea of fraud, consisting of nothing but a rank conclusion, and failing even to identify the transaction or occurrence from which his grievance stems, or even the injury supposedly inflicted upon him, is not subject to dismissal at this time on the ground that fraud is not alleged with particularity as required by CPA § 9 (b). *Cochran v. McCollum,* 233 Ga. 104 (210 SE2d 13) (1974). That case held with respect to an initial motion to dismiss, or motion to strike,[2] that a claim of fraud should not be dismissed unless it appears beyond doubt that the pleader can prove no set of facts in support of the claim which would entitle him to relief, and that the remedy at that stage of the pleading is not a motion to dismiss but a

---

[2] The standards to be applied are the same. *Rhyne v. Garfield,* 236 Ga. 694, 695 (225 SE2d 43) (1976).

motion for more definite statement under CPA § 12 (e) (Code Ann. § 81A-112 (e)).[3]

Our decision in *Holder v. Brock,* 129 Ga. App. 732 (2) (200 SE2d 912) (1973), being in conflict with the new rule announced in *Cochran,* is overruled. Likewise *Henry v. Allstate Ins. Co.,* 129 Ga. App. 223, 225 (1a) (199 SE2d 338) (1973), holding that a general allegation of fraud need not be negatived by a summary judgment movant, is overruled to the extent it is in conflict.[4]

The order of the trial court striking and dismissing the plea of fraud will be reversed with direction to treat the motion to strike and for judgment on the pleadings as a motion for more definite statement under CPA § 12 (e) and to sustain it on that basis. *Diversified Holding Corp. v. Clayton McLendon, Inc.,* 120 Ga. App. 455, supra, note 3; *Filsoof v. West,* 235 Ga. 818, 819 (2), supra, note 3. The more definite statement to be made in response must meet the standard of pleading fraud set forth in cases such as *Diversified Holding Corp.,* supra; *Continental Investment*

---

[3] The decision is criticized at 27 Mer. L. Rev. 235, 247-52; 28 Mer. L. Rev. 257, 275-76. It has been followed in *Filsoof v. West,* 235 Ga. 818, 819 (2) (221 SE2d 811) (1976), *Bryant v. Bryant,* 236 Ga. 265 (223 SE2d 662) (1976), and *Lawyers Co-Operative Publishing Co. v. Huff,* 142 Ga. App. 45 (234 SE2d 842) (1977). A similar result had been reached by this court in *Diversified Holding Corp. v. Clayton McLendon, Inc.,* 120 Ga. App. 455 (170 SE2d 863) (1969), where we held in effect that a motion to strike should have been treated as a motion for more definite statement and sustained on that basis. Accord, *Filsoof,* supra, this note. See also *Hayes v. Hallmark Apts.,* 232 Ga. 307, 309 (207 SE2d 197) (1974).

[4] Compare *Bob's Dairy Barn & Restaurant v. I. D. S. Leasing Corp.,* 135 Ga. App. 227 (217 SE2d 462) (1975); *Duke Enterprises v. Espy,* 140 Ga. App. 527 (231 SE2d 522) (1976). We take it that *MacNerland v. Barnes,* 129 Ga. App. 367, 371 (199 SE2d 564) (1973) and *Howard v. Dun & Bradstreet,* 136 Ga. App. 221, 223 (220 SE2d 702) (1975), holding that an inference of fraud need not be so negatived, are still good law.

*Corp. v. Cherry,* 124 Ga. App. 863, 865 (2) (186 SE2d 301) (1971),[5] failing which the complaint will be subject to dismissal at that point. These cases are still controlling on the points for which we have cited them since *Cochran* did not abrogate the § 9 (b) requirement of pleading with particularity—it held only that failure to do so must, as an initial matter, be taken advantage of by motion for more definite statement and not by motion to dismiss, for the reason that " 'Rule 9 itself contains no mechanism for enforcing its terms, and the common practice has been to use Rule 12 (e) for that purpose. . .' " *DeWes Enterprises v. Town & Country Carpets,* 130 Ga. App. 610, 612 (203 SE2d 867) (1974), cited with approval in *Cochran.*

*Judgment reversed with direction. Bell, C. J., Deen, P. J., Quillian, P. J., Marshall, McMurray, Smith, Shulman and Banke, JJ., concur.*

SUBMITTED JULY 6, 1977 — DECIDED JULY 13, 1977.

*Thomas H. Antonion,* for appellant.
*Ronald J. Armstrong, Leonard C. Lewellen,* for appellee.

---

[5] Also, *Candler v. Clover Realty Co.,* 125 Ga. App. 278 (187 SE2d 318) (1972), *Henry v. Allstate Ins. Co.,* 129 Ga. App. 223, 225 (1a), supra, *Robinson v. A. Construction Co.,* 130 Ga. App. 56, 57 (2) (202 SE2d 248) (1973) (revd. other grounds sub nom. *Walker v. Robinson,* 232 Ga. 361 (207 SE2d 6) (1974) and *McMichen v. Martin Burks Chevrolet,* 128 Ga. App. 482 (197 SE2d 395) (1973).