### 56948. MOULTRIE v. ATLANTA FEDERAL SAVINGS & LOAN ASSOCIATION.

QUILLIAN, Presiding Judge.

The plaintiff (appellant in this court) brought an action for damages arising out of the defendant's attempted imposition of an additional interest adjustment when the plaintiff entered into agreement to assume a loan to the defendant. The plaintiff's complaint contained an allegation that "defendant's actions also . served to defraud plaintiff."

In response to the complaint defendant moved for more definite statement which asked the court "for an order requiring plaintiff to more definitely to state what actions of the defendant 'served to defraud plaintiff' as alleged in paragraph 5 of the complaint."

An answer to the complaint was filed on the same day as the motion for more definite statement. After both parties had engaged in the discovery process, the trial judge entered an order on January 31, 1978, which recited that the allegations of fraud in the complaint were too

vague and ambiguous for defendant to reasonably frame adequate responsive pleadings and therefore ordered the plaintiff "to make a more definite statement of the claim of fraud alleged in his complaint by stating with particularity the facts alleged by plaintiff to constitute fraudulent acts and how such acts are alleged to have defrauded plaintiff."

The plaintiff, in response to the order, filed an amendment to the complaint which added a new Count 2 reading as follows: "1. That the defendant through its agents made representations to the plaintiff that no interest adjustment would be required of plaintiff to assume a loan held by the defendant. 2. That at the time the defendant made these representations it knew that said representations were false. 3. That the defendant made said representations with the intention and purpose of deceiving and defrauding the plaintiff. 4. That plaintiff had a right to rely and did rely upon such representations not knowing they were false. 5. That the plaintiff suffered loss and damage as the proximate result of the defendant having made these representations." The defendant then moved to dismiss the plaintiff's complaint in its entirety for the plaintiff's failure to comply with the order and in the alternative sought the court to dismiss all of Count 2 of plaintiff's amended complaint and those portions of Count 1 of plaintiff's amended complaint which alleged fraud.

Both parties filed briefs and made oral arguments concerning the motion to dismiss for failure to comply with the court's order. After the hearing the trial judge entered an order that the allegations of fraud in plaintiff's complaint and first amendment thereto were still vague and ambiguous and failed to comply with the requirements of Code Ann. § 81A-109 (b) (Ga. L. 1966, pp. 609, 620). Based upon this finding the trial court struck the plaintiff's complaint as amended in its entirety and dismissed the action with prejudice. From this order appeal was taken. *Held:*

1. A motion for more definite statement is the modern replacement for a special demurrer. "The test of a special demurrer and a motion for more definite statement is vastly different, however. A special

demurrer lies to make the plaintiff set out the facts more fully *so as to enable the defendant to prepare his defense.* Georgia Procedure and Practice § 9-5. A motion for more definite statement, however, lies only when the pleading is so indefinite that the defendant is unable to frame an answer thereto, and only with respect to a pleading to which another responsive pleading must be filed." *Emerson v. Fleming,* 127 Ga. App. 296, 298 (193 SE2d 249). A motion for more definite statement does, however, have some of the characteristics of a special demurrer in that it is not favored, *Emerson v. Fleming,* 127 Ga. App. 296, 298, supra, and, being a critic, it must itself be perfect in that it must state the grounds therefor and must point out the defect complained of and the details desired. Code Ann. § 81A-112 (e) (Ga. L. 1966, pp. 609, 622, as amended through Ga. L. 1972, pp. 689, 692, 693). 2A Moore's Federal Practice 2414, ¶ 12.19 and 2 Kooman, Federal Civil Practice 88,93, § 12.20. Under the Federal Practice, failure to satisfy this requirement would result in the denial of the motion. In *Brookshire v. J. P. Stevens Co.,* 133 Ga. App. 97 (210 SE2d 46) it was reiterated that motions for more definite statement are not favored inasmuch as discovery procedures should be used extensively to obtain such information. Unless the pleadings are so vague and ambiguous that the defendant could not frame the proper responsive pleadings thereto the motion should not be granted. *Taylor v. Malden Trust Co.,* 129 Ga. App. 330 (1) (199 SE2d 553); *DeWes Enterprises v. Town & Country Carpets,* 130 Ga. App. 610, 612 (203 SE2d 867).

In view of the limited usage of Code Ann. § 81A-112 there appears to be some doubt as to the correctness of the original grant of the defendant's motion for more definite statement. However, this is not at issue in this case. We are concerned solely with whether there was sufficient compliance with the trial judge's order or such failure as would require a dismissal under Code Ann. § 81A-112 (e). In *Cochran v. McCollum,* 233 Ga. 104 (210 SE2d 13) the Supreme Court set forth the applicable guidelines: "Under the CPA, a pleading should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. We hold this

principle applicable to all pleadings including special matters (fraud, mistake and conditions precedent) under Code Ann. § 81A-109. *Management Search, Inc. v. Kinard,* 231 Ga. 26 (199 SE2d 899). The proper remedy for seeking more particularity is by motion for a more definite statement (Code Ann. § 81A-112 (e)) at the pleading stage or by the rules of discovery thereafter." Accord, *Filsoof v. West,* 235 Ga. 818, 819 (221 SE2d 811); *Bryant v. Bryant,* 236 Ga. 265 (223 SE2d 662).

It might appear that the amended allegations contained in Count 2 of the plaintiff's complaint would be sufficient to set forth a claim within the meaning of the Civil Practice Act. However, the crucial issue is whether there is sufficient specificity of the claim where fraud is alleged. In a whole court case the Court of Appeals has established the essential criteria for fraud when tested by a motion for more definite statement. In *Tucker v. Chung Studio of Karate,* 142 Ga. App. 818, 820 (237 SE2d 223) we held: "The more definite statement to be made in response must meet the standard of pleading fraud set forth in cases such as *Diversified Holding Corp. [v. Clayton McLendon, Inc.,* 120 Ga. App. 455, 456 (170 SE2d 863)]; *Continental Investment Corp. v. Cherry,* 124 Ga. App. 863, 865 (2) (186 SE2d 301) (1971), failing which the complaint will be subject to dismissal at that point. These cases are still controlling on the points for which we have cited them since *Cochran [v. McCollum,* 233 Ga. 104] did not abrogate the § 9 (b) requirement of pleading with particularity — it held only that failure to do so must, as an initial matter, be taken advantage of by motion for more definite statement and not by motion to dismiss, for the reason that, ' "Rule 9 itself contains no mechanism for enforcing its terms, and the common practice has been to use Rule 12 (e) for that purpose . . ." ' "

In this case the plaintiff set forth the essential elements of fraud. However, under the cases cited in *Tucker,* supra, more than this is required. "Conclusory statements which allege improper representation and lack of good faith must be followed by supporting facts, and categorical assertions of fraud amounting only to conclusions are not deemed admitted by a motion to dismiss." *Continental Invest. Corp. v. Cherry,* 124 Ga. App.

863, 865, supra. "At the very least the pleader should designate the occasions on which affirmative mis-statements were made and by whom and in what way they were acted upon." *Diversified &c. Corp. v. Clayton McLendon, Inc.,* 120 Ga. App. 455, 456, supra. Tested by these requirements and the terminology of the order requiring a more definite statement, the second count of plaintiff's amended complaint did not allege fraud with the necessary particularity.

2. We now consider the question of whether it was proper to strike the complaint in its entirety because the plaintiff failed to allege fraud with the necessary particularity and specificity. Code Ann. § 81-112 (e) provides "if the motion is granted and the order of the court is not obeyed within 15 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just." 5 Wright & Miller, Federal Practice and Procedure: Civil 417, 419, § 1300 notes that "Some courts interpret the vagueness and ambiguity standards in Rule 12 (e) as being the same for all claims, whether or not they involve fraud or mistake. Other courts have used the motion for a more definite statement as a device for policing compliance with Rule 9 (b) and grant the motion whenever the pleading does not set forth the circumstances surrounding the alleged fraud or mistake with sufficient particularity, even though the pleading can reasonably be answered by the movant. This approach, although furnishing an enforcement mechanism for Rule 9 (b), is at variance with the actual language of Rule 12 (e)."

Based on our review of the federal authority, our prior decisions and those of the Supreme Court, we find that a proper remedy in this case would be to dismiss those allegations of the complaint relating to fraud: that is, the second count of the plaintiff's complaint and any reference to fraud found in the first count. However, it would never be proper under circumstances of this sort to dismiss the entire complaint. That extreme action would be taken only where the complaint had but one basis for recovery and the motion for more definite statement was addressed to that sole basis. See for example *Groomes v. Whitner,*

144 Ga. App. 530 (241 SE2d 604). Here where there is a two count complaint the failure to meet the requirements of a motion for more definite statement as to one count would have no effect on the remaining count.

The defendant contends that the other count was subject to a motion to dismiss and therefore the trial judge did not err in dismissing the complaint in its entirety. What this overlooks is that there was no motion to dismiss addressed to the first count and the only basis for the dismissal of the entire complaint was that the allegations of fraud were not stated with the requisite particularity. The trial judge's ruling was confined solely to this issue and therefore we do not find in this case the rule of "right for any reason" to be applicable.

It was error for the trial judge to dismiss the entire complaint based on the plaintiff's failure to meet the order for more definite statement as to Count 2 of the complaint. The case is therefore reversed with direction that the trial judge grant the defendant's motion only insofar as the second count is concerned and that any reference to fraud in the first count be stricken.

*Judgment reversed with direction. Webb and McMurray, JJ., concur.*

ARGUED NOVEMBER 7, 1978 — DECIDED JANUARY 9, 1979.

*Montis & Thornton, George P. Montis,* for appellant.
*Mitchell, Clarke, Pate & Anderson, Thomas Hal Clarke, Jr., Paul H. Anderson,* for appellee.