## 58957. WINDJAMMER ASSOCIATES v. HODGE.

McMurray, Presiding Judge.

This case began as a suit for damages brought by the landlords, Windjammer Associates, a general partnership, against Larry Hodge, d/b/a Larry Hodge Realty Company, alleging wrongful termination of his lease on commercial office space in the Windjammer Shopping Center. The defendant answered denying the claim and alleging fraud and failure of consideration. He also counterclaimed for damages arising out of the breach of contract and fraudulent conduct of the plaintiffs upon discovery that the hot water heater in his office (a real estate firm) at the shopping center was connected to an adjacent restaurant as well as to his own business, an arrangement which had resulted in his receiving larger electric bills than he otherwise would have been responsible for as a tenant. Defendant alleged the other damages occurred by reason of plaintiffs' breach of the lease and the fact that the lessor had warranted that no other real estate sales office "shall be leased space in this building, so long as this lessee is a tenant in good standing." He sought damages in excess of $500 for the allegedly fraudulent conduct and a total of $3,000 general and consequential damages.

The lease was for a five-year period from February, 1973, through March, 1978. Defendant had alleged that he was not allowed occupancy of the subject property until August, 1973, and he did not move into the premises or begin paying rent until August, 1973, because the premises were not ready until then. He vacated the premises in December, 1977.

After a trial, the jury returned a verdict in defendant's favor on both the main action and his counterclaim, awarding him $1,000 damages. The plaintiffs moved for a new trial and for a judgment notwithstanding the verdict, which were denied. Plaintiffs appeal. *Held:*

1. The trial court properly allowed the defendant to present evidence of damages which he had allegedly suffered as a result of the delay in the initial availability of the premises, despite his failure to raise the issue until

this suit was filed. Recoupment is always available in contract actions "where from any reason the plaintiff under the same contract is in good conscience liable to defendant." Code § 20-1314. See also Code § 20-1311 and *Williams v. Metropolitan Home Imp. Co.,* 110 Ga. App. 770 (3) (140 SE2d 56).

2. Error is enumerated to the charge when the plaintiffs were given a suitable opportunity to make objection that there was "absolutely no evidence . . . of fraud in this case, and also fraud was not specifically pled in this case . . ." as required by Code Ann. § 81A-109 (Ga. L. 1966, pp. 609, 620). It is noted that in the charge the court merely defined actual and constructive fraud. There was no objection whatsoever as to the charge based upon constructive fraud but merely that there was no evidence sufficient for the court to charge on fraud and that fraud had not been pleaded with particularity as required by law. As held in *Cochran v. McCollum,* 233 Ga. 104, 105 (210 SE2d 13) and *Tucker v. Chung Studio of Karate,* 142 Ga. App. 818, 819 (3) (237 SE2d 223), the proper remedy for seeking a pleading of more particularity as to fraud would have been for a more definite statement under Code Ann. § 81A-112 (e) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693) "at the pleading stage or by the rules of discovery thereafter. *DeWes Enterprises v. Town & Country Carpets,* 130 Ga. App. 610 [611-612(1)] (203 SE2d 867). See *Hayes v. Hallmark Apartments,* 232 Ga. 307 [309] (207 SE2d 197)." *Cochran v. McCollum,* 233 Ga. 104, 105, supra. However, a sufficient allegation of fraud was shown in the pleadings here. See *Harper v. DeFreitas,* 117 Ga. App. 236 (1) (160 SE2d 260); *Hunter v. A-1 Bonding Service,* 118 Ga. App. 498, 499 (164 SE2d 246).

There was evidence sufficient to authorize the judge to charge on fraud, and the charge as given was not subject to the attack made in the trial court that "there was absolutely no evidence . . . of fraud in this case." Under no circumstances can it be said this objection was sufficient to complain of a charge on constructive fraud. A general objection to a pleading or evidence as a whole, or a bloc, a part of which is not subject to the objection, fails to attack with specificity. *McDaniel v. Pass,* 130 Ga. App. 614, 617

(3) (203 SE2d 903); *Allen v. Allen,* 196 Ga. 736, 748 (27 SE2d 679); *Employers Liability Assur. Corp. v. Sheftall,* 97 Ga. App. 398 (3) (103 SE2d 143); *Tucker v. Chung Studio of Karate,* 142 Ga. App. 818, 819 (1), supra. Also, the objection on appeal must be the same in the enumeration of error as was objected to in the trial court, otherwise there is a waiver. *State v. Westberry,* 238 Ga. 648, 649 (235 SE2d 140); *Price v. State,* 142 Ga. App. 504, 505 (236 SE2d 178); *Goldsmith v. State,* 148 Ga. App. 786, 789 (8) (252 SE2d 657).

Here the plaintiffs admitted the water heater condition whereby defendant was furnishing hot water to another tenant (a restaurant). Plaintiffs, however, defend on the theory of no actual knowledge of the fraudulent practice by the partnership as to the condition of the leased premises. It is argued that the defendant should not recover on his claim for damages. Yet the pleadings and evidence show that the defendant was claiming other damages besides the alleged fraud. It is argued that the landlords made no representation, either express or implied, with regard to the water heater. However, when premises are leased to a party under an agreement whereby the lessee is obligated as here, to "pay all bills for water, gas, electricity, fuel, lights, heat and power furnished to or used by Lessee on or about the Demised Premises," there is an implied representation that the physical construction of the premises is such that in paying his electricity bills the tenant is paying only for utilities which he has used on or about his premises and is not paying the utilities of the adjacent businesses. See *American Nat. Bank v. Fidelity & Deposit Co.,* 131 Ga. 854 (63 SE 622). Fraud may be proven by slight circumstances. *Jenkins v. Gulf States Mtg. Co.,* 138 Ga. App. 835, 837 (227 SE2d 522); *Strother Ford, Inc. v. Bullock,* 142 Ga. App. 843, 844 (237 SE2d 208).

While we really have no way of determining whether any of the damages returned in favor of the defendant arose from the fraud, it has been argued here that the five elements as to fraud, in order to recover tort damages had not been shown by the evidence. These are: (1) misrepresentations or concealment; (2) knowingly made or done; (3) made to deceive; (4) did deceive; and (5) same

were detrimental, that is, resulted in damage as the proximate result of the concealment. See *Gem City Motors v. Minton,* 109 Ga. App. 842 (137 SE2d 522). While one of the plaintiff partners testified that he had no actual knowledge that the condition as to the leased property existed whereby defendant was furnishing hot water to another tenant (a restaurant), nevertheless, a jury could infer knowledge as to the condition of the premises here leased. After all, the plaintiffs are the landlords. See *American Nat. Bank v. Fidelity & Deposit Co.,* 131 Ga. 854, 859, supra. There is no merit in the enumeration of error that the trial court erred in charging on fraud.

3. The second enumeration of error contends the trial court erred in allowing the introduction of certain inadmissible evidence. Our examination of the plaintiffs' brief discloses that the sequence of argument does not conform to the order of the enumeration of errors and only a general argument as to all enumerations of error has been made. The argument as to each enumeration of error is not "numbered correspondingly." Indeed, we cannot ascertain that the second enumeration of error has been supported in any manner "by citation of authority or argument," and same is "deemed to have been abandoned." See Rule 15, *Structure and Content,* Subparagraph (c), *General Provision* (Code Ann. § 24-3615 (c), Amendment to 1979 Cumulative Pocket Part); *Johnson & Schultz Agents-Brokers, Inc. v. Overnite Transp. Co.,* 128 Ga. App. 392, 393-394 (1) (196 SE2d 681) and cits; *McCollum Mfg. Co. v. Dept. of Transportation,* 135 Ga. App. 815 (218 SE2d 926).

4. The only other enumeration of error argued by plaintiffs in their brief is that the trial court erred in refusing to grant plaintiffs' motion for directed verdict as to defendant's counterclaim. As there was sufficient evidence for the jury to return a verdict for damages there is no merit in this complaint.

*Judgment affirmed. Deen, C. J., Quillian, P. J., Smith and Shulman, JJ., concur. Banke, Birdsong, Carley and Sognier, JJ., dissent.*

Submitted October 31, 1979 — Decided March 6, 1980 —

*Louis F. Ricciuti,* for appellant.
*Harvey A. Monroe, Matthew O. Simmons,* for appellee.

BANKE, Judge, dissenting.

1. I must respectfully dissent from the holding in Division 2 of the majority opinion, as I do not find sufficient evidence to support a charge on fraud. As noted by the majority, tortious fraud must be predicated on a knowing act of misrepresentation or concealment, made with the intention and purpose of deceiving. See *Gem City Motors v. Minton,* 109 Ga. App. 842 (1a) (137 SE2d 522) (1964); *Hester v. Wilson,* 117 Ga. App. 435 (2) (160 SE2d 859) (1968). The defendant in this case offered no evidence from which it may reasonably be inferred that the plaintiff deliberately attempted to conceal a known problem with the plumbing system. The only witness who testified on the issue was one of the plaintiff's witnesses, a partner who had come into the business after the defendant was already a tenant. His testimony was as follows: "Mr. Hodge had heating problems with his hot water in his sink, and he had a hot water heater, and so anyhow the next door was a little business also, and he didn't have any water at all because Mr. Hodge had shut it off; and it turned out that Mr. Hodge was heating the water for the next door space. All it was was a washing sink on his side and a sink on the other side, and this was all brought to light by Mr. Hodge that he was paying for the heating of the water next door. It was a big surprise to me, but anyhow what I did about it was go and put another hot water heater in next door." The witness further stated that the space next door was not always occupied and that, although it was occupied at one time by a donut shop and another time by a delicatessen, no cooking was ever done there. None of this testimony was refuted by the defendant.

The majority finds support for an inference that the plumbing design was known to the plaintiff from the mere fact that the plaintiff was the landlord. Such a ruling in effect extends the doctrine of *res ipsa loquitur* to fraud

actions. While it is conceivable that fraudulent intent could be inferred from additional evidence that the plaintiff profited from the situation, there is no such evidence in this case.

The case of *American Nat. Bank v. Fidelity & Deposit Co.*, 131 Ga. 854 (63 SE 622) (1908), cited twice by the majority as authority for its holding, is entirely inapposite. There, the Supreme Court held that the defendants in a fraud action were under a special duty to disclose known information to the plaintiffs because a relationship of trust and confidence existed between them. See generally Code § 37-704; 12 EGL 465, Fraud and Deceit, § 7. No such confidential relationship or other special circumstance, such as undue influence or unequal capacity, is involved in this case. The parties' relationship was merely that of landlord and tenant, and all dealings were at arm's length. Thus, the general rule requiring at least slight evidence of fraudulent intent still applies.

2. Unlike actual fraud, constructive fraud may arise without any deliberate misrepresentation or concealment. However, it is an equitable doctrine and will not support an action for damages. See generally Code § 37-702; 12 EGL 473, Fraud and Deceit, § 10.

3. For the above reasons, I would hold that the trial court erred in charging the jury on fraud. Nevertheless, I believe that the plaintiff may be held liable to the defendant for damages based on breach of contract, for I agree with the majority that it was implied in the lease agreement that the defendant would be responsible only for the utilities which he used and not for utilities used by other tenants. Therefore, I concur in the ruling that the trial court did not err in denying the plaintiff's motion for directed verdict on the counterclaim.

I am authorized to state that Judge Birdsong, Judge Carley and Judge Sognier join in this dissent.