60864. HAROLD COHN & ASSOCIATES, INC. v. NIX et al.

BIRDSONG, Judge.

Denial of summary judgment—interlocutory appeal. The appellee Nix was sued by Worcester Telegram and Gazette for advertising costs. Nix answered denying any indebtedness and added as a defense that it was the agent for the appellant Cohn. Nix included as a part of its answer a third party complaint against Cohn as third party defendant asserting that Nix represented Cohn (in Cohn's auctioneering business) and obtained advertising space on behalf of Cohn's auction business in numerous publications throughout the United States. Cohn answered the third party complaint and denied any agency relationship. There are numerous suits by different publications against Nix; Nix apparently is defending or has

defended each suit in a manner similar to that of the present action. In one such suit (McGraw Hill v. Nix v. Cohn), Cohn moved for a directed verdict against Nix in the third party complaint after the completion of the evidence. The trial court in that case granted a verdict in favor of Cohn. Cohn now seeks to interpose in the case sub judice the additional defense of res judicata and estoppel by judgment as well as a defense that Nix' complaint fails to state a cause of action. The trial court denied Cohn's motion for grant of summary judgment on any of the stated grounds concluding that the parties are not the same nor are the factual issues necessarily the same. Without benefit of the full record now before us, this court granted Cohn's application for interlocutory appeal. *Held:*

We now have had access to and opportunity to examine the proceedings below more fully. According to its order, the trial court in the McGraw Hill proceedings granted Cohn's motion for directed verdict based upon the *evidence* and the pleadings in that case. We are not privy to the nature of the agreements between McGraw Hill and Nix nor as between Nix and Cohn, if there be any such agreements. It is patently clear that the plaintiffs (McGraw Hill and Worcester Telegram and Gazette) are not the same parties plaintiff in the two cases nor do we know upon an evidentiary basis what relationships are involved between the several parties in the two cases. For that reason alone, we would have to conclude that the defenses of res judicata and estoppel by judgment are not applicable. *Cooper v. Mercantile Nat. Bank,* 147 Ga. App. 136 (248 SE2d 201). Moreover, under the Civil Practice Act, pleadings should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove *no* set of facts in support of his claim which would entitle him to relief. *Cochran v. McCollum,* 233 Ga. 104 (210 SE2d 13); *Harper v. DeFreitas,* 117 Ga. App. 236 (1) (160 SE2d 260). Nix, in its pleadings, has made a claim of agency and maintains that if under its agreement with the numerous publishers it is personally liable, the true recipient of the advertising services (Cohn) should reimburse Nix by contribution. Cohn has not denied that it received services, only that no agency relationship existed. Common sense dictates that regardless of the merits of its claim, Nix' claim sets forth a cause of action. The pleadings do not bear out Cohn's contention that Nix is attempting to substitute parties defendant by its third party complaint nor is its contention meritorious that contribution or reimbursement can result only in a tort action where joint liability is shown.

Based upon the foregoing, we are satisfied that the actions of the trial court were proper and that this court improvidently granted the motion for interlocutory appeal. Accordingly, the appeal is

dismissed.

*Appeal dismissed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 29, 1981.

*James D. Patrick,* for appellant.
*J. Michael Kaplan, Thomas D. L. Collins,* for appellees.