62280. EUBANKS v. DAVIS et al.

Banke, Judge.

This litigation was previously before us on an appeal from the State Court of Fulton County dismissing the appellant's fraud complaint for failure to state a claim. Following the rule set out in *Cochran v. McCollum,* 233 Ga. 104 (210 SE2d 13) (1974), we remanded and directed that the dismissal motions be sustained as motions "for more definite statement, as outlined in *Tucker v. Chung Studio of Karate,* 142 Ga. App. 818, 819 (3) (237 SE2d 223) (1977)." *Eubanks v. Davis,* 146 Ga. App. 146 (1) (245 SE2d 495) (1978). *Tucker,* supra, provides that "[t]he more definite statement to be made . . . must meet the standard of pleading fraud set forth in cases such as *Diversified Holding Corp.* . . . [120 Ga. App. 455 (170 SE2d 863) (1969) and] . . . *Continental Inv. Corp. v. Cherry,* 124 Ga. App. 863, 865 (2) (186 SE2d 301) (1971), failing which the complaint will be subject to dismissal at that point." Id. at pp. 820-821.

The remittitur from that appeal was filed on June 28, 1978, and made the judgment of the lower court. At a pre-trial conference on January 29, 1981, the trial court again granted appellee's motion to dismiss the complaint for failure to state a claim for fraud. This appeal is from that order. *Held:*

1. The appellant contends that his complaint as originally stated is legally sufficient to state a claim for fraud. That issue was decided adversely to the appellant by our previous opinion.

2. Appellant contends that the dismissal is in error because he was never ordered to amend by the trial court following the first appeal. We cannot agree. Our previous decision in this case provided sufficient guidance to alert the appellant to the necessity of providing a more definite statement as to his claim for fraud. That decision is dated June 6, 1978. As indicated previously, the trial judge made it the order of that court on June 28, 1978. The pre-trial hearing which resulted in the second dismissal took place some two and one-half years later, when the appellant attempted to proceed upon his

original complaint, amended only to include a claim for attorney's fees. Indeed, he continues to argue in this appeal that his fraud allegations are adequate. We conclude that appellant was under a valid order to comply with the direction in our earlier opinion and that the failure to do so for two and one-half years authorized the dismissal of the complaint.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 8, 1981 —
REHEARING DENIED OCTOBER 30, 1981 — 

*John Genins,* for appellant.
*J. Timothy White, Paul Mortenson, Abraham A. Sharony, Joseph Lefkoff,* for appellees.