66397. HOUSEHOLD FINANCE CORPORATION OF
GEORGIA v. GILLEY et al.

BANKE, Judge.

The appellant sued to collect the balance allegedly due from the appellees on a promissory note, and the appellees counterclaimed for damages for libel, contending that the suit had been brought maliciously, in bad faith, and without just cause. This is an interlocutory appeal from the denial of the appellant's motion for summary judgment on the counterclaim. *Held:*

1. The appellees acknowledge in their brief that the only libel they allege "is the libel of the suit being filed in the first place." This is no libel at all. Pursuant to OCGA § 51-5-8 (Code Ann. § 105-711), "[a]ll charges, allegations, and averments contained in regular pleadings filed in a court of competent jurisdiction, which are pertinent and material to the relief sought, whether legally sufficient to obtain it or not, are privileged. However false and malicious such charges, allegations, and averments may be, they shall not be deemed libelous." See *Garrett v. DeWorken,* 148 Ga. App. 656, 657 (252 SE2d 81) (1979). The appellant was accordingly entitled to judgment as a matter of law on the libel claim.

2. The allegations that the appellant acted maliciously, in bad faith and without just cause in filing the suit may be deemed to set forth a claim for malicious use of process; however, a claim for malicious use of process in a civil action may not be asserted by counterclaim in that action but must await its termination. See generally *Quality Screen Process Corp. v. Collins,* 153 Ga. App. 448, 450 (265 SE2d 358) (1980), and cases cited therein.

In an evident attempt to circumvent this well-established rule, the appellees assert that their intent is to allege a claim for malicious abuse of process rather than malicious use of process. However, it is not alleged that there was any improper employment of the process following its issuance. The appellees' claim is instead based solely on the appellant's alleged bad faith and lack of probable cause in filing the complaint and causing the summons to issue, and consequently it may not be asserted by counterclaim. See *Medoc Corp. v. Keel,* 152 Ga. App. 684 (263 SE2d 543) (1979). It follows that the trial court erred in denying the appellant's motion for summary judgment.

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

Decided June 28, 1983.

*Thomas H. Rogers, Jr.,* for appellant.
*B. Lane Fitzpatrick,* for appellees.