### 69857. WOOLBRIGHT v. HENSLEY et al.
(330 SE2d 812)

BENHAM, Judge.

In a suit brought by appellant seeking damages for the action of appellees in building a fence which obstructed access to appellant's property, appellees filed a counterclaim, alleging in essence that appellant's suit had no merit and was brought for the purpose of harassing them and causing them anguish, worry, anxiety, and expense. We granted appellant's application for interlocutory review of the trial court's order denying appellant's motion for judgment on the pleadings.

1. The trial court's order denying appellant's motion for judgment on the pleadings recited that appellees' counterclaim stated a cause of action, but the order does not identify that cause of action; it merely cited *Ga. Power Co. v. Johnson*, 155 Ga. App. 862 (274 SE2d 17) (1980). We agree with appellant that *Johnson* does not support the trial court's decision. Appellees' counterclaim accuses appellant of no conduct more egregious than filing a lawsuit against them. That basis for an action for intentional infliction of emotional distress was specifically rejected in *Johnson*. It follows that the trial court's order in this case is not sustainable on that theory.

2. Our review of the pleadings in this case does not convince us that appellees' counterclaim should have withstood appellant's motion for judgment on the pleadings for any other reason. A counterclaim for malicious *use* of process is inappropriate because one of the elements necessary in such an action is a termination of the action favorable to the complainant, a situation which cannot exist in the context of a counterclaim. See *Lane Co. v. Taylor*, 174 Ga. App. 356 (330 SE2d 112) (1985). Although there are circumstances in which a counterclaim for malicious *abuse* of process may be viable (id.), allegations that a plaintiff wrongfully brought and continued a suit will not, without more, state a claim for malicious abuse of process. *Medoc Corp. v. Keel*, 152 Ga. App. 684 (263 SE2d 543) (1979).

Since, as appellees point out, there is nothing in the record of this case other than the pleadings and since the counterclaim does not state a claim for intentional infliction of emotional distress or for malicious abuse or use of process, the trial court's denial of appellant's motion for judgment on the pleadings with regard to appellees' counterclaim was error.

3. Appellant has also enumerated as error the trial court's denial of his motion to strike portions of appellees' answer on the ground

that they are immaterial and impertinent because they address issues covered in the trial court's earlier grant of summary judgment to appellant on the issue of liability. That position is without merit since the record does not contain duly certified copies of the order mentioned in appellant's res judicata argument. *Boozer v. Higdon*, 252 Ga. 276 (1) (313 SE2d 100) (1984).

Furthermore, as appellant admits, his motion to strike was not timely under OCGA § 9-11-12 (f). That being so, the trial court did not abuse its discretion in denying the motion to strike. *Potpourri of Merrick v. Gay Gibson*, 132 Ga. App. 565 (1) (208 SE2d 579) (1974).

*Judgment reversed in part and affirmed in part. Banke, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 22, 1985.

*Douglas E. Cobb*, for appellant.
*Charles D. Read*, for appellees.