70544. TOROK et al. v. YOST.
(335 SE2d 419)

DEEN, Presiding Judge.

Mr. and Mrs. Torok filed suit against appellee Yost July 19, 1984, seeking damages for personal injury to appellant Janos Z. Torok allegedly arising from an automobile collision which occurred August 11, 1982. Appellee answered and counterclaimed, alleging that appel-

lants had filed their complaint without cause and had thereby maliciously abused civil process. The counterclaim was voluntarily dismissed shortly thereafter.

In December of 1984 appellants filed a new action against appellee in three counts: malicious abuse of civil process, slander, and libel. In January 1984 appellee filed a timely answer and a motion to dismiss the more recent action on the ground that appellants' complaint failed to state a claim upon which relief could be granted. After a hearing, the trial court granted appellee's motion, and the Toroks appeal. *Held*:

1. The libel and slander alleged by appellants consist of the allegations made in the pleadings incorporated in appellee's counterclaim filed in the original action. It is a matter of statutory law that "[a]ll charges, allegations, and averments contained in regular pleadings filed in a court of competent jurisdiction, which are pertinent and material to the relief sought, whether legally sufficient to obtain it or not, are privileged. However false and malicious such charges, allegations, and averments may be, they shall not be deemed libelous . . ." OCGA § 51-5-8; *Household Fin. Corp. v. Gilley*, 167 Ga. App. 195 (306 SE2d 85) (1983). In view of this clear statutory provision, appellants' allegations of libel and slander state no claim upon which relief can be granted, and with respect to Counts II and III of appellants' complaint, the trial court acted properly in granting appellee's motion to dismiss. OCGA § 9-11-12 (b) (6).

2. With respect to malicious abuse of process, plaintiffs say Yost used the groundless counterclaim as leverage to "blackmail" them to drop their legitimate suit for auto collision damages. This, they say, constituted malicious abuse of process.

"As to an action for malicious abuse of legal process two elements are necessary, that is, the existence of an ulterior motive and an act in the use of the process not proper in the legal process of the proceeding. [Cits.]" *Trawick v. Consolidated Capital &c. Fund*, 156 Ga. App. 764, 766-767 (275 SE2d 394) (1980). *Lane Co. v. Taylor*, 174 Ga. App. 356, 362-364 (6) (330 SE2d 112) (1985).

Unlike malicious use, an element of which is termination of the prior lawsuit in favor of the present plaintiff (to prove that there was no probable cause to bring the lawsuit), see *Woolbright v. Hensley*, 174 Ga. App. 615 (2) (330 SE2d 812) (1985), malicious abuse relates to perversion of the civil process to an unlawful use after it has issued, an improper employment of it which the law does not intend it to serve. *Davison-Paxon Co. v. Walker*, 174 Ga. 532, 535-536 (163 SE 212) (1932); *Cooper v. Public Fin. Corp.*, 146 Ga. App. 250, 254 (246 SE2d 684) (1978). For that reason, the cause of action could accrue before the underlying suit is concluded, because the act of perversion may have been done during its pendency. That is the case here, where

the allegation is that defendant tried to wield a false counterclaim to compel them, for the wrong reasons, to dismiss their auto collision suit. While the law encourages settlements of countervailing legitimate claims, it cannot be said that it intends unfounded claims to be a legitimate tool of negotiation.

Thus, if plaintiffs prove that defendant filed the counterclaim for the purpose of effecting a wrongly bottomed dismissal of their suit, evidencing an ulterior motive, and in addition actually committed an act in furtherance of this ulterior motive, the cause of action would be made out. Plaintiffs are not alleging that the filing of the claim was the tort; that would relate to malicious use of process with its three elements, which they are not pursuing. See *Cooper v. Public Fin. Corp.*, supra at 254. Instead, they have alleged that after it was filed, the counterclaim was used improperly; and thus not only were the legitimate purposes of counterclaims not served, but an unpermitted purpose was advanced. In other words, they allege, defendant's act corrupted the process which the law provides. Whether that is so or not remains to be seen when the facts are developed.

Although only general damages are claimed, no authority requires that special damages must be pled and proved here. While it appears that plaintiffs did not suffer the dismissal of their lawsuit, which is what they say defendant sought wrongfully to accomplish, they may at least be entitled to nominal damages. OCGA § 51-12-4.

Thus the dismissal of count one was premature. " 'Not unless the allegations of the complaint disclose with certainty that the plaintiff[s] would not be entitled to relief under any state of provable facts, should the complaint be dismissed.' " *Storm Systems v. Kidd*, 157 Ga. App. 527, 528 (3) (278 SE2d 109) (1981); *Ledford v. Meyer*, 249 Ga. 407, 408 (2) (290 SE2d 908) (1982). In this connection, pleadings are to be liberally construed. *Poole v. City of Atlanta*, 117 Ga. App. 432, 434 (2) (160 SE2d 874) (1968).

*Judgment affirmed in part; reversed in part and case remanded. Pope, J., concurs. Beasley, J., concurs specially.*

Beasley, Judge, concurring specially.

I agree fully with Division 2. With respect to Division 1, I agree with what is said concerning the libel claim. But since plaintiffs allege by amendment that defendant orally made defamatory statements about them to others outside of the lawsuit, they have in this regard set forth a cause of action. OCGA § 51-5-4 (a). The allegation appears to embrace more than merely a reporting of what was contained in the lawsuit. See *Savannah News-Press v. Hartridge*, 110 Ga. App. 203 (2) (138 SE2d 173) (1964). In other words, plaintiffs contend that defendant discussed with others, who were strangers to the original lawsuit, that plaintiffs had sued him based on a fictitious automobile col-

lision. This would be sufficient to constitute a cause of action for slander pursuant to OCGA § 51-5-4 (a) (4): "Uttering any disparaging words productive of special damage which flows naturally therefrom." At this stage, when no evidence had been presented but only pleadings were before the court, dismissal as to Count 2 under OCGA § 9-11-12 (b) (6) therefore would not be warranted.

However, it becomes obvious that one additional element is needed, as expressly reiterated in subsection (b) of OCGA § 51-5-4: "special damage is essential to support [such] an action; . . ." There is no allegation in the complaint, as amended, claiming any special damages with particularity, and this is required. OCGA § 9-11-9 (g); *Signal Oil & Gas Co. v. Conway*, 126 Ga. App. 711, 716-717 (see also 722), (191 SE2d 624) (1972), rev'd on other grounds, 229 Ga. 849 (194 SE2d 909) (1972). Not only must they be pled, they must be shown to have actually flowed from the tortious act. OCGA § 51-12-2 (b); *Meyer v. Ledford*, 170 Ga. App. 245, 246 (1) (316 SE2d 804) (1984).

Here, although plaintiffs alleged that what defendant said was "calculated to injury (sic) both plaintiffs personally and in their trade and business reputation," they did not state that it *did* so injure them, or how, in money terms. The only damages asserted were their conclusory "minimum sum of $25,000.00 or such sum as a jury should deem appropriate upon a hearing of the facts in this case. . . ." What that amount comprises remains a mystery the answer to which is needed to meet the elementary requirement of revelatory particularity. Special damages are concrete, and if they exist at all here, their hidden nature precludes further consideration of the claim.

DECIDED SEPTEMBER 5, 1985 —
REHEARING DENIED SEPTEMBER 24, 1985 —

*Robert A. Elsner*, for appellants.
*Irwin W. Stolz, Jr., Seaton D. Purdom*, for appellee.