73174. GRAHAM et al. v. DEVELOPMENT SPECIALISTS, INC.
(350 SE2d 294)

BIRDSONG, Presiding Judge.

Class Action — Dismissal of Pleadings. Development Specialists, Inc. d/b/a Secured Communities (DSI), is the general contractor who built the Variations Condominiums in DeKalb County. Condominium Specialists d/b/a Secured Communities (CSI) is a real estate broker and contractor for Phase II and Phase III of the Variations Condominiums. Sectras Corporation was the developer of Phases II and III and grantor to the various condominium owners. Chapman, Coyle, Chapman and Associates (Chapman) were the architects for Phases II and III. David Graham, Hugh Bursi and Dale Paulk are individual unit owners of condominium units in the Variations Condominiums. The unit owners (approximately 130 in number) have joined together and formed an association of owners entitled Variations Condominium Association, Inc. Acting on behalf of themselves and the other unit owners and members of the Variations Condominium Association and in the name of the Variations Condominium Association, Graham, Paulk and Bursi filed suit against the general contractor (DSI), the real estate broker (CSI), the condominium developer (Sectras)

and the architect (Chapman) alleging in a class action that the Variations Condominiums were negligently designed and constructed resulting in damages to the unit owners.

The nature of the asserted negligence was that Chapman improperly designed the slope and drainage of common grounds, that DSI negligently constructed the slope and drainage so as to allow water to stand in common grounds and seep into condominium units; that the units were designed and constructed with inadequate waterproofing and swale construction and that the leaks into the foundations caused loss of structural integrity as well as repeated and prolonged flooding. Improper insulation and the absence of a vapor barrier allowed freezing of and damage to pipes. Improper design of and construction of roof and roof trusses caused a lack of support for the attachment of exterior siding as well as use of improper siding material. It was alleged that negligent design and construction of the units with inadequate heating and ventilation caused the units to be inadequately heated in the cold months. It was further alleged that even though Chapman was responsible for the negligent design, DSI and CSI were aware of the defects in construction and of these latent defects as was Sectras as grantor. In spite of this knowledge of deficiency, the several unit owners were sold their respective units without being made aware of these defects, i.e., an allegation of negligent concealment of defects of which the various defendants knew or should have known. Finally, the unit owners as a class and private association complained that the several defendants were stubbornly litigious.

After appropriate answers by the several defendants, the defendants moved the court to deny the plaintiffs certification as members of a class enabled to represent all the other unit owners and to require the individual plaintiff unit owners to file amended pleadings to aver with more specificity the allegations of fraud and damages. The defendants averred in their joint motion that greater particularity in the pleadings would reflect upon their face that this action more properly involved damages to individual unit owners and thus individuals rather than to the whole of all the condominium units as a class. Secondly, the defendants averred they could not defend adequately against the vaguely worded allegations of damages and acts or declarations of fraud.

The several defendants specifically sought as to each unit owner's claims of damages and fraud, the dates, times, places, persons involved, substance of misrepresentation or concealment and specific damages suffered. As to allegations of breach of warranty or breach of contract, the defendants sought a more definite statement of the contract or warranty obligation and how it was breached. As to damages of each potential plaintiff (unit owner), defendants sought a more particularized itemization of the damages suffered. The trial court

granted the defendants' motion for a more definite statement and ordered the plaintiffs to provide a more definite statement on the three points specified in the defendants' motion. This amendment was to be filed in 30 days.

The plaintiff-unit owners filed within the time specified an amended complaint. The first 11 paragraphs of the complaint, both the original and the amended complaint, are identical and constituted the identification of the parties. Count I started at paragraph 12 of the complaint. Paragraphs 12, 13, 14, and 15 of Count I are worded in identical language in both versions of the complaint. Paragraph 16 of Count I likewise is worded in identical language except for the insertion of the words "and loss of market value" to show the amount of damages as equal to the cost of repair and loss of market value. Count II commences with paragraph 17 through paragraph 20. There is no change in any of the wording of this count. Count III involves paragraphs 19 and 20. The only change in this count is the addition of the words "Phases II and III" and "roof trusses" to amplify "roofing systems" dealing with the lack of support for attachment of siding. Count IV dealing with improper design and construction of the heating and ventilating systems was limited from all condominium units to those in Phases II and III. Otherwise the language is identical. Count V dealing with breach of contract and warranties was deleted from the pleadings. The new Count V substituted a count alleging negligent concealment of defects rather than wilful concealment but in substantially the same language. Count VI repeats the allegations of stubborn litigious conduct by the defendants.

It was the apparent contention and argument of the unit owners before the trial court that the deletion of the contract and warranty count and the change of the fraud count to one of negligent concealment from one of wilful concealment removed any necessity for further specificity in pleadings. Consequently, the plaintiffs maintained before the trial court that the order for greater specificity in pleadings had been met with adequate compliance.

The defendants then moved the court to decline to certify the complaint as one lying within the class action provisions and to dismiss the individual unit owners' complaints for failure to comply with the trial court's order for greater specificity in the three particulars requested by the defendants and as ordered by the trial court.

A prolonged hearing was conducted on the motion to dismiss but a transcript of that hearing was not made nor have the parties been able to reconstruct the contents of that hearing. At the conclusion of that hearing, the trial court in its order reflected that after consideration of the motion as well as all matters on file, the amended complaint when considered with the responses thereto satisfied the court that the individual plaintiffs could not represent the "class" ade-

quately and that the suit would have to proceed with the individual unit owners as parties plaintiff. Secondly, the trial court concluded that the three individual unit owner-plaintiffs had violated the order of the court to furnish greater particularity in their pleadings and accordingly ordered the complaint of the three plaintiffs dismissed. It is the refusal of the trial court to certify the complaint as a class action and the dismissal of their complaint that form the basis of this appeal by the three unit owners and the condominium association. *Held*:

1. It appears that we are not and cannot become privy to what transpired at the hearing on the issues of compliance with the order for greater specificity in the pleadings and the propriety of the three unit owners acting on behalf of all the other owners in a class action. However from the record available to us and the briefs, it does appear that the plaintiff-unit owners contended before the trial court that by discarding the count on breach of contract and warranties and amending the count on wilful fraudulent concealment of defects to one of negligent concealment, all necessity for specificity in pleadings was removed. Apparently, it was contended that under the liberalized rules of pleading in this state it is not necessary to allege facts but is sufficient if conclusory pleadings state a claim of action.

We do not disagree with the statement of such legal principles for certainly in this day of liberalized pleadings, conclusions may well be sufficient. But in this case we are dealing in an area of discretion exercised by a trial court in pursuing its duty to reach the truth in a disputed matter. The court was trying to determine if the three named plaintiffs could properly represent all the unit owners as a class and ordered the plaintiffs to file more particulars as to the alleged damages, the nature of those damages, the particulars of fraud in concealment and the manner in which contracts and warranties had been breached. In its order, the court informed the plaintiffs that it had reviewed the pleadings, motions and briefs and found the petition contained allegations that were very loose, vague and uncertain, were made indiscriminately against four defendants and contained seven counts without seeking to attach any count or counts against fewer than all the defendants. The court ordered the plaintiffs to furnish sufficient specifics to enable the several defendants to know what charges were being made against them and upon what basis such charges were being made.

The deletion of the count alleging breach of contract and warranties and the change of the wilful fraudulent concealment to negligent fraudulent concealment did not have the effect of contributing any additional enlightenment as to the bases of the remaining counts or as to which defendant any particular charge related. It was not clear from the amended pleading whether damages from flooding was generalized throughout all common areas of Phases II and III construc-

tion, whether all or fewer than all units suffered heating deficiencies and pipe damage, whether all units or some suffered foundation and siding problems. While we sympathize with a pleader as to a requirement for unnecessary or even oppressive factual pleadings, we cannot exercise such sympathy where there has been no effort to make even a minimal effort at compliance with the order of the court nor an effort to have the court clarify the extent of the particularization required.

The privilege of representing absentees by the formation of a class, including the grant of the benefit to the representatives of spreading costs of the action among the absentees, also carries with it the responsibility of providing adequate representation of all the members of the class. Clearly this involves a requirement that the representative shall vigorously prosecute the interests of the class through qualified counsel. See *Gonzales v. Cassidy*, 474 F2d 67, 72 (5th Cir. 1973). It has been held in this regard that failure to follow a local rule when seeking to establish the proficiency of representation and right to represent members of a class and establish the nature of the class, such a failure affirmatively established that the action could not be maintained as a class action in that it was manifest the attorney would not fairly and adequately protect the interests of the absentee members of the class. *Walker v. Columbia Univ.*, 62 FRD 63 (D.C. N.Y. 1973). In this case the trial court was faced with a failure of counsel to obey an order of the court to furnish sufficient particularity in pleading in order to allow the court to determine if only particular unit owners were injured, how they were injured and to what apparent extent were they injured or whether indeed an entire class had suffered damages of a determinable and specific nature. The trial court in the face of the failure to provide greater detail was warranted in concluding that the pleaders could prove no set of facts in support of their claim either as a class or as individuals which would entitle them to relief. *Bloodworth v. Bloodworth*, 240 Ga. 614, 616 (241 SE2d 827).

Moreover in the amended pleadings, one count was removed from the pleadings. In the absence of a transcript of the hearing, we cannot determine whether some of the absentees may have been subject to direct, fraudulent, inducements to purchase a unit as opposed to a negligent failure to disclose apparent defects in construction. It is clear that the normal practice permitting amendment of a pleading as a matter of right and without leave of court has no application in respect to a class action. If a proposed amendment may have the effect of compromising a claim of one or more of the absentees, the absentee has no protection. Thus the rule for voluntary dismissal without order of the court, which operates as a dismissal without prejudice has little application in a class action. *Murphy v. Hope*, 229 Ga. 836, 838 (195 SE2d 24). Thus the voluntary withdrawal of one

count without a showing of absence of harm likewise raises doubt that the rights of some or all of the absentees would be protected adequately in a class action.

For either of the reasons stated, we cannot fault the trial court for refusing to accept the complaint as a class action and requiring the individual unit owners to proceed as individual complainants.

2. Nor can we find fault in the discretionary acts of the trial court in dismissing the complaint as to each of the remaining counts for failure of the unit owners-plaintiffs below to comply with the order for greater particularity in pleading the cause of action. The court was specific in its order as to the points which had to be amplified in the pleadings of the plaintiffs. The court required more specificity as to the nature of the damages, the amount of the damages and the victims of the damages. This not only was designed to enable the court to determine if a class of persons had been victimized, but also to enable the defendants to tailor defensive pleadings. Though the order for particularization was broad, we are unable to ascertain from this record that the plaintiffs sought limitations or explanation from the court as to the extent of particularization that would satisfy the court's demand for further information. Rather the plaintiffs simply sought to change the nature of the pleadings and argued as a matter of law that further particularization was no longer required. At best we would characterize this as a gamble the trial court would be satisfied. It is obvious that the gamble was unsuccessful and put the trial court to its only recourse, an exercise of its discretion, i.e., to determine if the information provided was sufficient to allow the court and the defendants to respond to the issues presented by plaintiffs' pleadings. The trial court sought facts by its order and for all practical purposes, none was forthcoming. The trial court followed the rules of pleading and procedures extant in the law of this state. Plaintiffs had pled counts of fraud and breach of contract and warranty, together with ill defined, vague allegations of negligently caused damages due to either improper design or construction. Traditionally, a pleader must be specific as to what acts or statements constitute fraud and what acts caused damages and to which defendant such negligence is attributable. *Diversified Holding Corp. v. Clayton McLendon, Inc.*, 120 Ga. App. 455 (170 SE2d 863). See also *Continental Investment Corp. v. Cherry*, 124 Ga. App. 863, 865 (2) (186 SE2d 301). The plaintiffs having failed to comply satisfactorily with the order of the trial court (as determined by the trial court in the exercise of its discretion) the dismissal of the complaint does not reflect an arbitrary abuse of discretion. Accordingly, we will not seek to supplant that exercise with appellate hindsight (and in point of fact have no disagreement with the dismissal). See *Tucker v. Chung Studio*, 142 Ga. App. 818, 821 (3) (237 SE2d 223). Dismissal of the petition under such cir-

cumstances is an appropriate action.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED OCTOBER 22, 1986 —
REHEARING DENIED NOVEMBER 5, 1986

Warner R. Wilson, Jr., N. Sandy Epstein, Irven G. Penn, for appellants.

Irwin W. Stolz, Seaton D. Purdom, Guy R. Taylor, Richard M. Kirby, for appellee.