## 74673. PARRISH v. STATE OF GEORGIA et al.
(361 SE2d 57)

BENHAM, Judge.

Alleging that there existed a contract under which he was employed by the Georgia Department of Agriculture, appellant sued the State and the Commissioner of the Department of Agriculture for breaching that contract by terminating his employment. Defendants filed a motion to dismiss on the grounds of sovereign immunity, executive official immunity, lack of personal and subject matter jurisdiction, and failure to state a claim on which relief could be granted. This appeal is from an order granting the motion on all the grounds raised.

In order to prevail on his claim of wrongful termination and to overcome appellees' defenses of sovereign immunity and executive official immunity, appellant must prove the existence of a written contract. See *Miles v. Bibb County*, 177 Ga. App. 364 (1) (339 SE2d 316) (1985), with regard to wrongful termination; and see Ga. Const. 1983, Art. I, Sec. II, Par. IX, with regard to immunity. While it seems unlikely from the record that appellant can bear that burden, the judgment in this case was not based on the entire record, but on the pleadings and argument of counsel. In his pleadings appellant alleges the existence of a contract. It cannot be said, based solely on the pleadings, that there is not a state of facts provable by appellant which would authorize a recovery by him. That being so, the defense of failure to state a claim, which includes the sovereign immunity defenses under the circumstances of this case, does not entitle appellees to judgment as a matter of law. See *Torok v. Yost*, 176 Ga. App. 149 (2) (335 SE2d 419) (1985). The other grounds raised in appellees' motion are of no more avail to them than failure to state a claim, and for the same reason: the record has not been developed sufficiently and the pleadings do not reveal a flaw fatal to appellant at this early stage of the litigation. Adjudication of appellant's claim must wait until the record is developed to a point when the claim can be decided on its merits.

*Judgment reversed. Banke, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 11, 1987.

*Ronnie A. Wheeler*, for appellant.

*Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Wayne P. Yancey, Senior Assistant Attorney General, Bryndis R. Jenkins, Assistant Attorney General*, for appellees.