A89A1228, A89A1241. TOROK v. YOST (two cases).

(389 SE2d 793)

BENHAM, Judge.

This appeal follows the trial court's grant of appellee's motion to dismiss appellants' personal injury lawsuit (case no. A89A1228) and abusive litigation lawsuit (case no. A89A1241) for failure to comply timely with an order entered by the trial court. We reverse.

1. The order at issue was entered on August 5, 1988, after the trial court held a hearing to give direction to the parties, who had been unable to formulate a joint pre-trial order. The trial court's order, among other things, noted that special damages must be pleaded with particularity under OCGA § 9-11-9 and ordered appellants to file a "pleading of special damages by dollar amount." The order did not give a deadline for appellants' compliance. In October, appellee filed a motion to dismiss due to appellants' failure to comply with the order to amend their pleadings. Appellants amended their complaint to plead special damages by dollar amount on November 14, ten days after the trial court held a hearing on the motion to dismiss. The trial court granted appellee's motion to dismiss on January 9, 1989.

As noted previously, the trial court's order did not set a time within which appellants had to amend their pleadings. The Civil Practice Act provides that "[a] party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order." OCGA § 9-11-15 (a). While the records contain several proposed pre-trial orders submitted by each party, neither record contains a pre-trial order signed by the trial court and entered. See OCGA § 9-11-16 (b). Thus, appellants' amendment, filed prior to the entry of a pre-trial order, was proper and timely and should have been considered by the trial court. See *Rushing v. Ellis,* 124 Ga. App. 621 (1) (184 SE2d 667) (1971). Since appellants amended their complaint as ordered by the trial court, the trial court erred in dismissing appellants' lawsuit for failing to obey the trial court's order. *Graham v. Dev. Specialists,* 180 Ga. App. 758 (350

SE2d 294) (1986), is distinguished since there the trial court gave the plaintiffs a time certain within which they were to file the more definite statement sought by the defendants. Id. at 760.

Appellee maintains that OCGA § 9-11-12 (e) gave appellants 15 days to obey the trial court's order. Relying on *Cochran v. McCollum*, 233 Ga. 104 (210 SE2d 13) (1974), appellee asserts that compliance with an order that refers to OCGA § 9-11-9 is governed by the time limitations set forth in OCGA § 9-11-12 (e). However, according to the language of OCGA § 9-11-12 (e), it comes into play after a party moves for a more definite statement and the motion is granted. No such motion was made or granted in the case at bar. In *Cochran*, the Supreme Court held that a pleading involving a special matter (fraud, mistake, etc.) should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief, and noted that a motion for more definite statement was the proper means for seeking more particularity. See *Bryant v. Bryant*, 236 Ga. 265 (223 SE2d 662) (1976). However, as stated earlier, that is not the setting for the case at bar. Here, no motion for a more definite statement preceded appellee's motion to dismiss, and the motion to dismiss did not have as its basis a failure to state a claim, but contended instead that appellant had not timely complied with an order of the court.

2. In light of the holding in Division 1, appellee's motion for the imposition of a penalty for frivolous appeal is denied.

*Judgments reversed. Carley, C. J., McMurray, P. J., Banke, P. J., Sognier and Pope, JJ., concur. Deen, P. J., Birdsong and Beasley, JJ., dissent.*

BIRDSONG, Judge, dissenting.

I must dissent. The circumstances of this case clearly show that Torok's failure to comply with the trial court's pre-pretrial order to "[plead] special damages with the particularity required by OCGA § 9-11-9 (g)," was wilful and intentional and without justification (*Bell's Ferry Landing v. Wirtz*, 188 Ga. App. 344 (373 SE2d 50)), and that he had no intention of complying with the order in any fashion until forced by Yost and the court to do so. He made no issue of any "misunderstanding" about whether he should "plead" special damages in an amended compliant or in a pretrial order, or when he should do it.

Even assuming (as I do not believe) that the CPA makes no provision as to when a more definite statement (which is a specific pleading; see *Cochran v. McCollum*, 233 Ga. 104 (210 SE2d 13); see *Tucker v. Chung Studio of Karate*, 142 Ga. App. 818, 820-821 (237 SE2d 223)) is required to be filed when ordered by the trial court, Torok

could not reasonably believe he did not have to plead specifically *until* a pretrial order was filed, or that he only had to plead specifically *in* a pretrial order, because he was expressly ordered to plead under § 9-11-9 (g). His failure to seek instruction or clarification shows conclusively that he intended to gamble, at the court's expense, that he could do as he pleased with impunity and avoid or delay a trial. Under *Graham v. Dev. Specialists*, 180 Ga. App. 758, 763 (350 SE2d 294), dismissal of his actions was authorized.

These cases began with the personal injury suit filed in August 1984, by Torok based on what appellee Yost describes as "a minor auto collision" in which the police were not called to the accident scene and no accident report was made. See OCGA §§ 40-6-274; 40-6-275; 40-6-279. Yost contends that the questions whether property damage exceeded $250 and whether reasonable medical expenses exceeded the Georgia No-Fault threshold, are critical issues in the personal injury case; and that because of Torok's failure to comply with the code sections just cited, any claims by Torok exceeding $250 property damage and the Georgia No-Fault threshold, might be barred altogether. Yet, Torok has never itemized his special damages in the personal injury case, but has "lumped all damage claims together." The abusive litigation case was Torok's response to a counterclaim brought by Yost which was dismissed without prejudice, but Torok never specified his damages in the abusive litigation suit, which deficiency leaves unresolved the issue of entitlement to "vindictive damages."

The trial court dismissed Torok's lawsuits when he failed, after four years of litigation, to plead his special damages in both cases, as these were deemed by the trial court to be basic and necessary to these cases. See *Graham*, supra. According to Yost, after these cases had been up and down on interlocutory appeals for four years (see *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414); *Torok v. Yost*, 176 Ga. App. 149 (335 SE2d 419)), the trial court had attempted for some months to get the parties to "make the case manageable by use of a pretrial order"; the instant pre-pretrial order requiring Torok to "plead special damages" came after the parties' utter failure to develop a pretrial statement, and two lengthy pretrial conferences including hearings and arguments.

On its face, the provision that a party "may amend his pleading as a matter of course and *without leave of court* at any time before the entry of a pretrial order," (OCGA § 9-11-15 (a)) (emphasis supplied), has no application to a situation where the trial court has expressly ordered a party to "plead" specifically, i.e., to amend his pleadings. To the contrary, if he is ordered to plead specifically, he necessarily *must* do so before a pretrial order is entered, because under the same code section he can do so afterwards *only* with "leave

of court"; Torok's position is an oxymoronic proposition at best.

The order (which included rulings and reservations of rulings on other substantive matters) was issued August 5, 1988, to facilitate pretrial proceedings; on October 6, 1988, defendant Yost filed his motion to dismiss for Torok's noncompliance. The trial court gave no time limit within which Torok was to "plead special damages with particularity under OCGA § 9-11-9." However, this code section generally is enforced by the mechanism of a *motion for more definite statement under § 9-11-12 (e)*. *Cochran v. McCollum*, supra. That code section (§ 9-11-12 (e)) provides that *the court's order* requiring such definite statement or specific pleading (which are the same mechanism, see *Cochran*), shall be obeyed "within 15 days after notice of the order . . . [or] the court may . . . make such order as it deems just."

The code section (§ 9-11-12 (e)) does not condition this time limit upon the *making of a motion* for more definite statement, but upon *the trial court's grant of an order for more definite statement or specific pleading*. See *Cochran*, supra; *Tucker*, supra. In deciding whether the provision as to specific pleading at § 9-11-9 (g) is governed by the 15-day time limit to respond to the trial court's order, we are governed by § 9-11-1, which states that the Civil Practice Act "shall be construed to secure the just, speedy, and inexpensive determination of every action." In light of that directive, there can be no conclusion that in refusing to do anything at all until forced by more litigation, Torok acted reasonably or innocently.

The majority has nevertheless accepted as reasonable the fact that appellant did not comply with the trial court's order within 15 days, *nor did he ask for any clarification or express any misunderstanding*, nor did he attempt to amend his pleadings until more than three months later, a month after appellee had filed his motion to dismiss. His actions did nothing to promote a just and speedy trial. Plaintiff Torok argued he was confused and was misled to believe the trial court intended him to plead special damages *in the consolidated pretrial order* and did not, as it now appears, mean that Torok should so amend *his original complaint*.

The trial court's entire order entitled "Order Consolidating Cases and Scheduling Other Matters" is, as a matter of law, not unclear or misleading. The clear meaning was to have certain things be done and resolved, so that a pretrial order could be entered. Reason necessitated that Torok do as ordered, before the pretrial order was entered, for the express purpose of the instant order was to facilitate a pretrial order.

OCGA § 9-11-7 (describing "pleadings") and OCGA § 9-11-15 (as to amended and supplemental pleadings) leave no doubt that "pleadings" do not generally refer to a pretrial order, and in the context of

the trial court's order here did not refer to a pretrial order.

As to Torok's insistence that he was "misled" by the trial court's failure to state that he was to "plead" special damages *in his complaint*, he has trapped himself, for the order was equally silent as to any suggestion that they be pleaded *in a pretrial order*. Plaintiff did not then question the "silence" he now seeks to take advantage of. No rational basis exists, and he offers none, permitting the assumption a pleading need only be in the pretrial order. If he had barely looked at the statute which he was ordered to comply with (§ 9-11-9), he could not reasonably have concluded, in ordinary diligence, that he should not bother to *amend his pleadings* (see § 9-11-16 (a) (2)), even if he did "think" the trial court only wanted him to specify damages in the pretrial order.

I find no material distinction between this case and *Graham v. Dev. Specialists*, supra. Although in *Graham*, the party was ordered to plead within 30 days, the material nexus is that in both that case and this one, the party *unreasonably* and intentionally "gambled" on the court's indulgence to avoid or further hinder a trial, or cause more litigation. The extreme sanction of a dismissal in this case is not unwarranted (see *Ambler v. Archer*, 230 Ga. 281 (196 SE2d 858)), in view of the fact that the amount of special damages which plaintiff was ordered to plead would determine the viability of any trial on the personal injury suit and damages therefor, and of the trial court's later ruling on the recovery of "vindictive damages" and attorney fees in the consolidated abusive litigation suit.

I also agree with the trial court, which was most familiar with the entire litigation, that a less harsh sanction for disobedience of court order was not appropriate. In the long history of these cases, after four years of intense fixation upon the histrionics of litigation, a trial was not yet in sight. This order represented the trial court's efforts to flail certain trial issues out of the parties. Both parties knew the object and intent (and any construction of the law; see § 9-11-1) of this order was to facilitate a speedy trial. In response to its efforts, the trial court received complete non-action from a party who was ordered specifically to do a certain necessary thing towards accomplishing a trial. The only excuse offered is that the party "misunderstood" what it was not reasonable to misunderstand, and so did nothing at all.

The evidence of proceedings here justifies the conclusion that, as in *Graham*, the plaintiff here chose to gamble on what he could remotely later claim he "thought" the trial court meant, *while doing nothing towards seeking a clarification and substituting nothing towards any sort of compliance*. Even if there were no specific statutory time limit within which Torok should have complied with the trial court's order (see § 9-11-12 (e)), it is an old and honored rule that

where no time is stated for compliance with any directive, it must be obeyed within a reasonable time. See, e.g., OCGA § 13-4-20. Clearly Torok knew he had to comply within some reasonable time, i.e., before the pretrial conference. The trial court was justified to conclude that Torok did not intend to comply with the order *in any fashion* until he was forced by more litigation to do so, and that he acted only to avoid a trial, for the sake of dalliance with the subject litigation itself.

For these reasons, I would affirm the trial court's dismissal of both of these cases.

I respectfully dissent. I am authorized to state that Presiding Judge Deen joins in this dissent, and that Judge Beasley joins in judgment only of the dissent.

DECIDED DECEMBER 5, 1989 —
REHEARINGS DENIED DECEMBER 20, 1989 —

*Scheer & Elsner, Robert A. Elsner, Wayne Chatham*, for appellant.

*Chambers, Mabry, McClelland & Brooks, Jack G. Slover, Jr., Gambrell, Clarke, Anderson & Stolz, Seaton D. Purdom*, for appellee.